## NATHAN NESBITT v. LEVINIA RICHARDSON, ADM'X.

Although an administrator can convey no greater or better title than the estate has, yet the purchaser at an administrator's sale is entitled to have conveyed to him whatever title there is in the estate; therefore, where there had been a failure to return the field notes within the time prescribed by law, and a new file by a different certificate had been made to protect the estate, it was held that if the new file was necessary to protect the title, the purchaser was entitled to demand a conveyance of it, and was not bound to accept a deed for such right only as the intestate had in the land sold.

A bidder at an administrator's sale, to whom property is knocked down, has his action to compel a performance of the contract, upon the terms prescribed, so far as they are consistent with law.

Appeal from Harrison. At a sale of property of the estate of which the appellee was administratrix, a tract of land, containing one thousand acres, was knocked down to the appellant, at two dollars and a half per acre. This suit was brought by appellant, to enjoin the defendant, the appellee, from proceeding again to sell the land, on the ground that the plaintiff had failed to comply with the terms of the sale, and for other

relief.   The petition alleged that at the sale, the defendant, by
her son and agent, Samuel J. Richardson, gave direct assu-
rances in clear and explicit terms, that the said defendant could
and would make a good and valid title to all of said tract of
land ; and that the said defendant, by her auctioneer, fully
guaranteed the title at the time of the bidding ; that plaintiff
tendered his notes and mortgage in pursuance of the terms of
the sale, and demanded a deed and a guarantee of and from
the said defendant, either by covenants of warranty in said
deed, or by her individual guarantee, in compliance with the
express terms and conditions of the sale ; that the defendant
wholly refused to comply, &c.   The petition further alleged
that the defendant, by her attorney, William P. Hill, on the
13th of September, 1853, caused a file to be placed on said
land by one William G. Estill ; that said attorney alleges
that the said file was made in good faith, on the ground that
the said certificate and field notes of the said survey were not
returned on or before the 31st of August, 1853, to the General
Land Office, and that said file was made in good faith to pro-
tect the estate of the said deceased.   The petition further al-
leged, that although said file was made in good faith, to pro-
tect the interest of the said estate, the defendant, since the sale
to plaintiff, has contrived and is now contriving how she may
cheat and defraud the plaintiff, either by abandoning said file,
in favor of the said Estill, or to some confederate who may be-
come the purchaser at the contemplated sale.   The sale was
on the 3rd of January, 1854.   The petition was filed March
6th, 1854.

The defendant answered, denying the allegations as to war-
ranty or guaranty of the title; alleging that the plaintiff
placed his refusal to accept the deed, solely upon the ground
that said deed did not contain the covenants of warranty afore-
said, and that defendant refused to execute said guaranty of
title ; that defendant, after the said property was knocked
down to the plaintiff, upon being informed by plaintiff that he

had bid under the impression that he would receive a title with warranty, offered to release plaintiff from his bid, which plaintiff refused, and demanded a price for his bargain. The answer admitted the allegations as to the file upon the land, but denied the allegations of contrivance to defraud, and alleged, on the contrary, that there is not and never has been any intention to abandon said file ; that the plaintiff, at the time of his said refusal to comply with the terms of said sale, was distinctly informed that said file would continue upon the land, and that he would have the protection and benefit of the same ; and the said defendant says, that in fact, the said Estill has since conveyed to the defendant for the benefit of the heirs of said estate, all the right acquired by him by virtue of said file.

The plaintiff filed what he denominated his replication, in which he declared that he could prove all the allegations of his petition, and denied that he wholly refused to accept the said deed and deliver the said notes and mortgage, and placed said refusal solely upon the ground that said deed did not contain covenants of warranty, and that defendant refused to execute said guaranty of title ; but this plaintiff avers the contrary to be true. This plaintiff avers that he was willing to accept, and did offer to accept the said deed, so soon as said defendant should produce from said Estill a sufficient conveyance from him to the estate, &c.

The Court on motion dissolved the injunction, granted in the first instance, and the plaintiff declining to amend further, dismissed the suit.

*L. D. Evans*, for appellant.

*C. A. Frazer*, for appellee.

WHEELER, J. It is true that an administrator can make

only such title as the estate has to convey, and cannot bind the estate by his warranty. And we think, with counsel for the appellee, that the alleged promise, or assurance, to guarantee the title of the purchaser, being merely voluntary, was not binding upon the defendant personally. The petition, therefore, might well have been adjudged insufficient; because it appears by its averments, that the plaintiff's offer to perform his part of the contract was accompanied by a demand of a deed with covenants of warranty, which the defendant, as administratrix, was not authorized to make ; or a personal guaranty of title, which the defendant was not bound to give. It might have been thence inferred, that the offer to perform was made only upon these conditions ; and that the defendant's refusal to perform was occasioned solely by the annexing of these conditions to the plaintiff's offer of performance. But this inference is repelled by the replication, which is to be considered in the nature of an amendment to the petition, in so far as it supplies, or adds to its averments. In her answer, the defendant had admitted that a re-location, or, as it is stated, a "file" had been made upon the land for the purpose of protecting the title of the estate from the consequences of a failure to return the field notes of the original survey ; and that the right thus secured has been since conveyed to the defendant for the benefit of the estate. And the answer avers the defendant's readiness to perform ; but that the plaintiff refused to perform, and placed his refusal solely on the ground that the defendant would not make a warranty, or give a personal guaranty of title.

The replication denies that the plaintiff placed his refusal to accept the deed of the administratrix solely on the ground that it did not contain covenants of warranty, and that the defendant refused to give a personal guaranty ; but avers that he was willing and offered to accept the deed, so soon as the defendant would produce a conveyance to the estate, from the person who had made the new location. It thus appears by

the plaintiff's averments, that his offer to perform was coupled only with the condition, that the defendant, in addition to her deed as administratrix, would furnish the evidence that the right acquired by the new location had been secured to the estate. This, at least, was an alternative he was willing to accept. And, in reference to these averments, it is to be observed, that, although an administrator can convey no greater or better title than the estate has, yet the purchaser at an administrator's sale is entitled to have conveyed to him whatever title there is in the estate. If, in this case, the estate had a good title, which it was in the power of the defendant to convey, the plaintiff had a right to have that title conveyed to him. And the defendant was bound to do all, which was reasonably within her power, to make good and convey the title of the estate she represented. If the title to the land had not been perfected into a patent, and the field notes of the survey had not been duly returned ; and if, as the plaintiff avers, and the defendant admits, a new location had been made upon the land for the purpose of protecting the title of the estate ; but the right under that location was out of the estate, it was the duty of the administratrix, having it in her power, as it seems she had, to procure that right to be conveyed to the estate. Having given assurances that she could and would make a good title, she was bound to do so, if practicable. And the plaintiff, having purchased under these assurances, might well demand evidence that the right under the new location had been secured to the estate. He had the right to annex that condition to his offer of performance. And if he offered to perform, and the defendant refused performance, as alleged, can it be doubted that the facts stated gave a right of action? If the administratrix had offered, and the purchaser had refused performance, she, of course, would have had a right of action to enforce performance, on general principles ; and by the Statute, she had a more convenient remedy, which, it appears by her answer, she was well advised of. It will not be

denied that the right of action must be reciprocal. And it results, from the view we have taken, that the Court erred in dismissing the case.

The principal, if not the only material issue between the parties seems to be, whether in fact the failure to perform the contract was occasioned by the fault of the plaintiff, or of the defendant. If the plaintiff's averments be true, it was the fault of the defendant; but if, on the contrary, the facts are as averred by the defendant, the fault must be ascribed to the plaintiff. If, as appears by the answer, the defendant is able, to perform, having obtained the desired conveyance, she may, if she will, put an end to the suit; for the plaintiff must not only have offered to perform, but he must not decline performance, if duly tendered; and in that case, there would seem remaining but a question of costs, to be adjudged against the party whose fault has occasioned the litigation. And it is not perceived why the defendant should desire to protract the litigation, unless it be to hold the defendant liable under the Statute for having wrongfully refused to complete his purchase. Whether this can be done, must, of course, depend upon the facts of the case, and cannot be determined upon the pleadings.

The insufficiency of the original petition, is a sufficient ground for affirming the judgment and dissolving the injunction. But because the Court erred in dismissing the case, the judgment, in so far, must be reversed, and the cause remanded.

Reversed and remanded.