PETERSON & FOWLER v. WM. LOWRY.

1. INSTRUMENT RELATING TO LANDS.—A written acknowledgment by
   the grantee of a land certificate already located, that he had pre-
   viously sold and conveyed it, is an instrument relating to lands,
   and, as such, proper to be recorded. When duly recorded, it is
   notice to subsequent purchasers from the maker of such instru-
   ment.

2. PROBATE SALE.—Where there is an order of sale, sale, report, and
   confirmation, and evidence that the purchase-money was paid,
   irregularities in the proceedings taken in making a probate sale
   will not affect the validity of such sale.

3. VENDEE.—A second purchaser cannot defeat an older transfer from
   his vendor by showing that the first purchaser of the land certifi-
   cate had not paid the purchase-money, when it also appeared that
   said vendor had established such debt as a claim against the estate
   of the said deceased purchaser.

4. NOTARY PUBLIC ACTING OUT OF HIS COUNTY.—It seems that a
   record would not be rendered invalid as notice, by showing that
   the deed was acknowledged before a notary public outside of his
   county.

5. CERTIFICATE OF PROOF OF DEED.—"Nor are we prepared to hold,
   that a certificate regular upon its face, upon which an instrument has
   been recorded, can be set aside as a nullity by extraneous facts, so
   as to prevent the record of the instrument from being notice to sub-
   sequent purchasers."

6. EVIDENCE.—A witness called to identify a transfer in which an
   error occurs, as relating to a certificate located and surveyed by
   such witness, may speak of such transfers; and the testimony is
   not secondary, the instruments themselves being in evidence.

APPEAL from Hunt. Tried below before the Hon. Green
J. Clark.

The case is sufficiently stated in the opinion.

*Bennett, Ballinger & Bennett,* for appellant.

*W. C. Clark,* for appellee, cited Hawley *v.* Bullock, 29
Tex., 222; Martel *v.* Somers, 26 Tex., 560; Wilson *v.* Wil-
liams, 25 Tex., 66; Love *v.* Berry, 22 Tex., 378; Johnson *v.*
Newman, 43 Tex., 628.

ROBERTS, CHIEF JUSTICE.—This is an action of trespass to try the title to 153 acres of land, part of the headright of M. H. Ragsdale, brought by appellants against appellee, who was admitted to have been in possession of the land when the suit was instituted, on the 28th of January, 1874.

Both parties claim title to the land under said Ragsdale, to whom a patent was issued for the land in 1860.

The title of the plaintiffs, as shown by the evidence, was a bond for title from said Ragsdale to J. L. Fowler, for 600 acres, including the land in controversy, for $600, on the 29th of November, 1867, and a deed from Ragsdale to J. L. Fowler and R. Peterson, the plaintiffs below, for the same land, (600 acres,) acknowledging the same consideration, ($600,) which deed was recorded in Hunt county on January 30, 1871, having been filed for record on the 8th of October, 1870. It was proved, by the depositions of said Ragsdale, that the said $600 was paid to him for the land by J. H. Fowler, (at what time is not stated,) and at his request he made said deed to said plaintiffs.

The title of the defendant below, Wm. Lowry, consisted of field-notes and survey of 2,618 acres of land, by virtue of the league and labor certificate of said Ragsdale, made on the 24th of April, 1844, (as therein recited,) for J. H. Johnson, and of a corrected resurvey of same land under the headright made on the 25th of August, 1860, for (as therein recited) M. H. Ragsdale, and a transfer of that amount of said certificate by said Ragsdale to J. H. Johnson, on the 10th of July, 1844, which was after the location and survey of the land; and it was proved by McClure that he surveyed it for Johnson, who had possession of the certificate before the location and survey was made. This transfer was recorded in Hunt county on the 8th day of March, 1875; and an instrument in writing, signed by M. H. Ragsdale, as follows, to wit:

"This is to certify that heretofore I transferred to James H. Johnson, of Red River county, for a valuable considera-

tion, the balance of my league and labor headright certificate No. 453, first class, issued by the board of land commissioners for Red River county on the 5th day of March, 1838. This balance is what is left after deducting the survey made on said certificate by G. W. Still; and this is given to enable said Johnson to obtain the patent for the part transferred to him.

"Witness my hand, and scroll for seal, this 9th day of December, A. D. 1856.

"M. H. Ragsdale." [L. S.]

Upon this instrument, there was indorsed an acknowledgment by said Ragsdale before W. S. McClure, notary public of Fannin county, in the State of Texas, and a memorandum as follows: "Filed for record July 20, A. D. 1868, at 3 o'clock P. M., and recorded July 21, A. D. 1868, in record-book K, pages 39 and 40."

To which is attached a certificate, as follows:

"The State of Texas, } 
 "Hunt County.    }

"I, N. McDougald, clerk of the District Court in and for said county, do hereby certify that the above and foregoing is a true and correct copy of a transfer, as appears of record in book K, pages 39 and 40, Hunt county records of deeds, said transfer purporting to have been made by M. H. Ragsdale to James H. Johnson on the 9th day of December, A. D. 1856. To certify which, I hereto set my name and affix my seal of office, at Greenville, this the 17th day of February, A. D. 1874.

[SEAL.]               "N. McDougald,

"*Clerk District Court, Hunt county.*"

This instrument, with the accompanying evidence of its being a recorded instrument, is here copied, because it is the first instrument in writing, signed by M. H. Ragsdale, concerning the land in controversy, that was recorded in Hunt county. It, with its authentication and evidence of recording, was admitted in evidence, by agreement, without objec-

tion.   In addition to this, the defendant's title consisted of
an order of sale, a confirmation of sale, and a deed of the
administrator of J. H. Johnson's estate, administered in Red
River county, for the land in controversy, with proof of pay-
ment of the purchase-money by Anderson the purchaser at
said sale, his deed therefor being recorded in 1861.   Ander-
son and Moore conveyed it to the defendant Lowry, by deed
executed and recorded in 1861.

Under this state of facts, when the plaintiffs obtained the
deed from M. H. Ragsdale, and had it filed for record, in
1870, they were chargeable with notice that Ragsdale had
already parted with his title to the certificate located upon
this land by the instrument in writing, acknowledging it to
have been transferred, shown to have been recorded in Hunt
county (where the land had been located long before its
execution) in 1868.   They could not, therefore, claim to be
purchasers for value, without notice of a prior right, which
had been vested in the defendant by deeds also recorded
previously.   Though the deed of defendant, duly recorded
in 1861, might not have been sufficient to put them upon
notice, under the ruling of this court in Watson *v.* Chalk, 11
Tex., 93, still the instrument signed by Ragsdale in 1856
was an acknowledgment in writing of a transfer of the cer-
tificate then located on the land, and was in legal effect a
written contract in relation to land, permitted under the
statute to be recorded in the county in which the land was
situated.   (Paschal's Dig., 4989.)   This was evidently the
controlling point in the case, and to avert the force of it, the
plaintiffs presented objections, both to the title of defendant
and to the notice.

One is, that the administrator's sale was invalid.   There
were certainly great irregularities in the record of the pro-
ceedings relating to the sale by the administrator; but they
were irregularities, and not such defects as would render it
a nullity, available collaterally.

Another is, that neither Johnson nor his administrator had

ever paid Ragsdale the purchase-money for the certificate.
It is not shown why this would authorize Ragsdale to sell the
land again to get his pay, he holding a note, which he says
was given for the purchase in 1844, that has been allowed as
a valid claim against the estate.

Another is, that the officer who took the acknowledgment
of Ragsdale to the instrument of 1856, was in a county, when
he acted in taking it, for which he was not a notary public,
and, therefore, his authentication is a nullity.  If this can be
deduced from the evidence at all, it is not definitely present-
ed, and it is evident that no such question was raised on the
trial.  Nor are we prepared to hold, that a certificate regu-
lar upon its face, upon which an instrument was recorded,
could be set aside as a nullity by extraneous facts, so as to
prevent the record of the instrument from being notice to
subsequent purchasers.  No authority has been cited or found
to that effect.

It was objected, also, that the charge of the court was erro-
neous and misled the jury.

Upon the main issue in the case, the charge of the court
gave to the jury the proper instructions.  No charge was
asked by the plaintiffs. . There is much in it unnecessary,
though we fail to perceive anything in it that could have
misled the jury from the true point of consideration.  In-
deed, there was very little for the jury to decide, if the court
had given a construction directly upon the written instru-
ments that were in evidence, upon which the rights of the
parties depended.

The exceptions to the evidence of McClure, in making ex-
planations concerning the survey made by him in 1844, and
the contract drawn up by him in 1856, are not tenable.  The
object of his evidence, in the particular objected to, was to
identify the instrument made in 1856 as relating to the cer-
tificate bought by Johnson from Ragsdale in 1844, upon
which he had made the survey in 1844 as deputy surveyor;
and that was certainly permissible.

We find no material error, for which it should be reversed, and the judgment is affirmed.

AFFIRMED.