R. B. FLANAGAN ET AL. V. P. H. PEARSON.

1. PARTIES—ATTACK ON SHERIFF'S SALE.—It is not error to refuse the application by a discharged bankrupt to make himself party to a suit by a claimant of land, under a sheriff's sale, which had been assigned by the bankrupt, before bankrupt proceedings, to a trustee for the benefit of his children, in payment for community property used by the bankrupt; said suit being instituted against said children, and the petition attacking the deed of assignment as fraudulent.

2. SAME—FRAUD.—A sheriff's sale may be attacked for fraud by parties having an interest in the land and who were not parties to the suit in which the sale was made.

3. SAME—PARTIES.—See facts where it was held error to refuse claimants to land, not parties, to contest the regularity and validity of a sheriff's sale.

4. CASE APPROVED. — Cravens v. Wilson, 48 Tex., 340, discussed and approved.

APPEAL from Rusk. Tried below before the Hon. A. J. Booty.

The opinion gives a sufficiently full history of the case, ex-

cept that the answer held to have been erroneously ruled out is not stated.

The plaintiff sued in trespass to try title.  By amendment he set out his title, which was by sheriff's sale, in which he was plaintiff and the purchaser.

The defendants held under a trust deed made by the defendant in execution, which deed was by plaintiff attacked for fraud.  The defendants sought to set aside the sale for fraud and irregularities.  Objections urged to said sale are as follow:

1.  Because the same is fraudulent, illegal, irregular, and void as to defendants.

2.  Because there was no such judgment as is shown by the said *fieri facias* to warrant its issuance.

3.  Because said sheriff violated the law, by selling the lands therein named, in not selling in lots of not more than forty or less than ten acres.  This is shown on the face of the sheriff's deed.

4.  Because the sheriff's deed shows on its face that the Ezekiel Morris six hundred and forty acres headright and the tract named in the petition, were sold together and knocked off to plaintiff Pearson for a small sum, to wit, $77.60, when in fact the Morris tract was worth at the time $3,000, and the Wilson tract of thirteen and one-half acres, in the town of Henderson, was worth $1,000.

5.  Said *fieri facias* issued, and said sale was made by virtue thereof, while a former *fieri facias* was enjoined by Webster Flanagan, which had been levied on two stallions—Jack Gamble and Hightower—and two mules, said property being worth $3,000.

6.  Because at the time of the issuance of the *fieri facias* and levy of the land sued for in this case, J. W. Flanagan, the principal in the judgment on which it issued, had a large amount of personal property visible in Rusk county, to wit: thirty bales of cotton, worth $2,000; fifteen thousand feet of lumber; also a large amount of wild lands, of value more

than doubly sufficient to satisfy said *fieri facias;* also portable steam saw and grist mills, with fixtures complete, worth $4,000; and because the sheriff levied and sold said land, which was improved, whilst the defendant in execution owned the personal property above specified and unimproved lands in Rusk county.

7. Because said defendant J. W. Flanagan was never called upon by the sheriff for a levy before said land was levied on and sold.

8. Because the amount bid by plaintiff for said land, and which he credited on his judgment, paying no money, is grossly inadequate, and sufficient to shock the conscience of an honest man; and the sale was surrounded by acts of fraud that render the levy and sale void.

9. Because the excessive levies of the sheriff, at the instance of plaintiff, and whilst the injunction suit of Webster Flanagan was pending on the real estate of J. W. Flanagan, without any effort to levy upon the personal property of J. W. Flanagan, show a fraudulent attempt on the part of plaintiff Pearson to obtain said land at nominal prices.

Judgment was rendered for the plaintiff. Defendants appealed.

*W. W. Morris,* for appellants.—J. W. Flanagan, the defendant in execution, had a right to join his children in a motion to set aside the levy, sale, and sheriff's deed for the causes named in the amendment or motion. Why not? He is not a stranger, but privy in blood and estate, and ought to be permitted to protect his conveyance to his sons. The same right should have been accorded to the defendant Flanagan. This court has declared that where the inadequacy of price bid at sheriff's sale is enormously disproportionate to the value of the property sold, coupled with fraud or irregularity in the levy or sale, the same is fraudulent. In such case, being fraudulent, the law declares the transaction void, and it may be attacked by any one injured. (Taul *v.* Wright, 45

Tex., 394.)    The rule that restricts the right to attack a sheriff's sale to the defendant in execution does not apply to cases of fraud, or where the parties are privies in estate.   The amendment ruled out charges gross fraud and inadequacy of price.    Where there is a defect in process or irregularity merely, none but the defendant in execution can move.   The parties claim title and allege fraud; not so in such case. (Bennett *v.* Gamble, 1 Tex., 132.)

The *fieri facias,* levy, and sheriff's deed should have been ruled out on the motion of the defendants, because the *fieri facias* recites a judgment of different date than that read in evidence.   The judgment is not of that class requiring a sale in forty-acre lots.

The sheriff's deed shows that distinct and separate tracts of land, miles apart, were sold and knocked off *en masse.* True, it recites that the lands were offered in forty-acre lots; but this is contradicted by the sheriff's deed describing the tract sued for as containing only twelve and one-third acres, and recites payment and sale *en masse.*   Such confusion in sales ought not to be tolerated.   The sale is a nullity. (Freem. on Ex., sec. 296.)

The court erred in ruling out the proof of the value of the land in controversy, and also the offer by defendant Flanagan to refund the money bid on the sale.

*Martin Casey* and *N. G. Bagley,* for appellee.

I. None but the defendant in execution can set up as a defense any irregularities in the execution and sale; and J. W. Flanagan, having conveyed all his interest to the defendants without having previously moved to set aside the sale, had no interest in the suit, and was neither a proper nor necessary party.   Sales under execution must be set aside, if at all, in a reasonable time by the execution debtor, on his own motion, having that object in view.   (Portis *v.* Parker, 22 Tex., 707; Bennett *v.* Gamble, 1 Tex., 132; Hawley's Adm'r *v.* Bullock, 29 Tex., 216; Freem. on Judg., sec. 91; Smith's

Lead. Cas., 458; Jackson *v.* Rowland, 6 Wend., 665; Rorer on Jud. Sales, secs. 1082, 1083, 1084.)

II. In reply to that part of the fourth assignment stating a variance in reciting the date of the judgment in the sheriff's deed from the date of the judgment in evidence, see Alexander *v.* Miller, 18 Tex., 897. In regard to the sale *en masse* of several tracts of land, see sheriff's return, which reads: "Sold the said land levied on as above, at the courthouse door in the town of Henderson, on the first Tuesday in March, 1871, in forty-acre tracts, according to plats filed in this cause."

III. To sustain the plea of prescription, the possession must be exclusive, adverse, and uninterrupted. (Camley *v.* Stanfield, 10 Tex., 546; Johnson *v.* Nash, 15 Tex., 422.) No reply is made to that portion of this assignment which relates to tenancy in common and partnership, except Paschal's Digest, art. 4642.

GOULD, ASSOCIATE JUSTICE.—Pearson claimed the land, to recover which he brought this suit, as purchaser at execution sale in 1871, under a judgment in his favor against J. W. Flanagan, of date May, 1867, and affirmed on appeal to this court in 1869. For a history of the claim on which that judgment was founded, and of further litigation in regard to it, see Flanagan *v.* Pearson, 42 Tex., 1. The appellants, besides claiming an undivided half interest in the land as the heirs of their mother's community interest therein, also claimed under a deed of trust from their father, J. W. Flanagan, of date April, 1868, conveying a large amount of property to A. D. Tinsley as trustee, to be held by him for the benefit of appellants, his children, the consideration expressed being an alleged indebtedness to them. In the fall of 1868, J. W. Flanagan was declared a bankrupt, and, on application of his assignee, the Bankrupt Court authorized him to release and convey the property specified in the deed of trust to the trustee, in part payment of the indebtedness ac-

knowledged in that instrument. This conveyance was duly executed. Afterwards, Pearson, whose judgment against J. W. Flanagan was not within the operation of the discharge in bankruptcy, had his execution levied on a part of this property, including the land in controversy, became himself the purchaser for a small sum, and on January 1, 1875, brought this suit of trespass to try title to recover the land. In the course of his pleadings he assails the deed of trust as fraudulent. In their answer appellants sought to have the sheriff's sale, under which Pearson claimed, set aside, charging Pearson with fraud, in intentionally procuring the sale pending an injunction growing out of a former levy, and under an execution and levy in various particulars irregular, with the view of buying in the land at the grossly inadequate price for which it was knocked off to him. J. W. Flanagan also sought to become a party, and to join in the application to have the sale set aside. The court sustained exceptions to the application of J. W. Flanagan to be made a party, and also to the answer of the other appellants seeking to attack the sheriff's sale to Pearson, and after hearing the evidence, a jury being waived, rendered judgment in favor of Pearson for the land sued for. We see no error in the refusal to allow J. W. Flanagan to become a party and to. attack the sale. He had no interest in the land sold, nor in the question of the validity of the sale. According to his own showing, the judgment against him was satisfied, and as appellants tendered to Pearson the amount of his bid, it would remain satisfied if the sale was set aside.

But the court also sustained exceptions to that part of the answer of appellants, the opposing claimants of the land, impeaching the sale. It would seem that the court held that as they were not parties to that judgment they had no right to attack proceedings under it. This court, in the recent case of Cravens v. Wilson, has recognized a more liberal rule, allowing other parties interested in the subject-matter of the sale, and interested in its being sold for a fair price, so as to

leave a surplus for their benefit, to proceed to have the sale set aside for fraud, irregularity, and consequent gross inadequacy of price. (48 Tex., 340, and authorities there cited; Freem. on Ex., sec. 305.) The propriety of that rule is apparent in this case; for otherwise it would seem that the sale, no matter how grossly fraudulent, must be allowed to stand, because no one has a right to attack it.

The position of appellants is not that of adverse claimants of property levied on, seeking to avail themselves of mere irregularities in the execution. Their position is, that property in which they were interested has been sacrificed in such a way as to amount to a fraud, and to their injury. Our opinion is that the court erred in refusing to entertain that part of the answer or cross-bill seeking to have the sale set aside.

As this conclusion requires a reversal of the judgment, we do not feel called on at this stage of the case to consider other questions which possibly may not again arise.

The judgment is reversed and the cause remanded.

REVERSED AND REMANDED.