ELIZA M. RANNEY ET AL. v. GEO. M. HOGAN ET AL.

(Case No. 4068.)

1. REGISTRATION — INNOCENT PURCHASER. — Under the registration laws (Pas. Dig., 4994) the lien fixed by a creditor, by the levy of an execution upon land, is superior to the title conveyed by a prior unregistered deed, even if the deed should be recorded between the levy and sale; and a subsequent purchaser, without notice, for a valuable consideration, is entitled to a like protection. The title of a *bona fide* purchaser cannot be destroyed by the subsequent registration, and before the registration of his deed, of the prior claim or title. Grace v. Wade, 45 Tex., 527; Simpson v. Chapman, 46 Tex., 564; Grimes v. Hobson, 46 Tex., 419; Borden v. McRae, 46 Tex., 461: Watson v. Chalk, 11 Tex., 94; Guilbeau v. Mays, 15 Tex., 415; Watkins v. Edwards, 23 Tex., 447; Ayers v. Duprey, 27 Tex., 606; Hawley v. Bullock, 29 Tex., 222; Flanagan v. Oberthier, 50 Tex., 383; Wade on Notice, sec. 241.

2. CONTRACTS FOR LAND — REGISTRATION. — A contract in relation to land may be recorded, and that it is but the evidence of an equitable title, and not of equal dignity to a deed, does not give it immunity against the rights of a subsequent purchaser. Pas. Dig., 4989.

3. TRUSTEE — PURCHASER WITHOUT NOTICE. — The conveyance of one holding land in trust, to a purchaser without notice, for a valuable consideration, passes the legal title discharged of the trust. Wethered v. Boon, 17 Tex., 146, 147; Perry on Trusts, sec. 218; 1 Story's Eq. Jur., sec. 46c; Adams on Eq., 5th Am. ed., p. 191; Fry on Specific Per., 2d Am. ed., p. 389.

APPEAL from Ellis. Tried before the Hon. Geo. N. Aldridge.

In 1867 Eliza Ranney and her husband filed their suit in the district court of Ellis county for title to certain lands, against Geo. M. Hogan, N. B. Anderson and others.

The petition alleged a contract, of date May 27, 1858, between Hogan and one Reuben Manning, by which Hogan agreed to locate and obtain patent for land under a certificate named, for eleven and one-half labors, for which, when patent should be issued, Manning was to convey to Hogan five hundred and eleven acres; that March 16, 1861, Hogan, in consideration of $1,122.80 then paid, executed to plaintiff a conveyance for said locative interest, authorizing Manning

to convey same to plaintiff, and further obligating himself to comply with his contract to perfect the title to the patent, etc.; that the land had been located and patent obtained March 25, 1875; that 31st March, 1876, Manning had "complied with his part of said contract by conveying to Hogan five hundred and eleven acres as his locative interest" (describing same); that thereby Hogan became bound to convey same to plaintiff; that "she relied on Hogan as her agent to perfect her title to this land;" that she learned in 1876 that Hogan was disputing her title; that Hogan had placed on record deeds for the land, one for one hundred and ninety and one-half acres to Blackman, and a deed for two hundred and twenty-seven and one-half acres to defendant Anderson. Judgment asked for title, canceling, etc., and general relief; Hogan pleaded outstanding title, his bankruptcy, and disclaimed. Blackman also disclaimed. Anderson was made a party. As to Anderson's claim plaintiffs alleged that it was fraudulent; no consideration had been paid, and that he had notice of title of plaintiffs at his purchase; that it was placed on record subsequent to the registration of plaintiffs' claim; that Anderson's claim was an equity only and inferior to the equity by plaintiffs, etc. By amendment plaintiffs denied that Anderson had ever been in possession of the lands; prayed that the legal title be divested out of defendants and vested in plaintiffs.

June 7, 1879, Anderson demurred; pleaded not guilty; that he was a purchaser in good faith, without notice and for value paid, of two hundred and twenty-seven and one-half acres, describing the tract, by deed executed to him by Geo. M. Hogan, June 15, 1876.

June 7, 1879, the cause was tried without a jury. Decree for Anderson for the land claimed by him in his plea of *bona fide* purchaser; for plaintiff for the remainder of the land against Blackman and Hogan, and for costs.

The plaintiff appealed.

The plaintiff read (over objection that the execution of same was not proven, nor had it been recorded) the contract for the location, unlocated balance of the Alphonso Steele

certificate for eleven and a half labors, of date May 27, 1858, as alleged, between Manning and Hogan.

On the back of the former document, and proved for and duly placed on record September 26, 1877, was conveyance of Hogan of his locative interest aforesaid to plaintiff, Eliza Ranney, acknowledging receipt of the purchase money, and bearing date March 16, 1860.

Also from record, and *over same objection* as to first document not being proved for record, was read the duplicate of the original contract of May 27, 1858, kept by Manning, and in connection, and on same paper, a power of attorney from ·Manning to John Manning, of date February 21, 1867, and recorded April 14, 1876.

Deed from Manning to Hogan for said locative interest, made by John Manning, attorney in fact, of date March 31, 1876. Filed for record April 14, 1876.

The defendant then read in evidence the patent for the eleven and a half labors, of date March 29, 1875. Deed from Hogan to defendant, N. B. Anderson, of date June 15, 1876, in consideration (recited) of $568.75, for the two hundred and twenty-seven and one-half acres described in his plea. Filed for record April 27, 1878.

Anderson testified "that he purchased the land described in his deed, paying for the same a valuable consideration, the same mentioned in his deed; that he had no knowledge of plaintiff's claim, or the claim of any one else against said land, at the time of his purchase, nor until he was notified by the filing of this suit."

The appellants assign errors as follows:

1. "Because the evidence showed that although the said Anderson was an innocent purchaser of the land in controversy, he was a subsequent purchaser to plaintiff, Eliza Ranney, of same land, and her deed from the common vendor, Hogan, was registered for record long prior to the registration of the deed of the defendant, who was the second vendee."

2. "Because the title owned and held by plaintiff, Ranney, by virtue of her contract with the common vendor, Hogan

to the land in controversy, was not such a title as brought it within the purview of the registration statutes, and it was not necessary to give actual or constructive notice by registration."

3. "Because at the time defendant Anderson purchased the land from the common vendor, Hogan, the latter had no title, legal or equitable, to said land, and the legal title subsequently acquired by said Hogan related back and operated in favor of the plaintiff, and not to the benefit of the defendant Anderson, who was a subsequent vendee."

*F. N. Read* and *Albert Langley*, for appellants.

*Amzi Bradshaw*, for appellees.

A. S. WALKER, J.— 1. The first assignment presents the proposition that the title of a *bona fide* purchaser would be destroyed by the subsequent registration, and before the registration of his deed, of the prior claim or title.

By the registration laws, "all bargains, sales . . . and other conveyances whatever of any lands, tenements, . . shall be void as to all creditors and subsequent purchasers without notice, unless they shall be acknowledged or proved, and lodged with the clerk, to be recorded according to the provisions of this act." Pas. Dig., 4988.

Such instruments "shall take effect and be valid as to all subsequent purchasers for a valuable consideration without notice, and as to all creditors, from the time and when such instrument shall be so acknowledged, proved or certified and delivered to such clerk to be recorded, and from that time only." Pas. Dig., 4994.

Under this law the lien fixed by a creditor by the levy of an execution upon land has been sustained against a prior unregistered deed. Grace *v.* Wade, 45 Tex., 527; Simpson *v.* Chapman, 46 Tex., 564; Grimes *v.* Hobson, 46 Tex., 419; Borden *v.* McRae, 46 Tex., 416. In the latter case it is said the protection would extend against such deed registered between the levy and sale.

The subsequent purchaser without notice and for a valu-

able consideration is entitled to like protection. By the statute they have equal rights, and which have been recognized. Watson *v.* Chalk, 11 Tex., 94; Guilbeau *v.* Mays, 15 Tex., 415; Watkins *v.* Edwards, 23 Tex., 447; Ayers *v.* Duprey, 27 Tex., 606; Hawley *v.* Bullock, 29 Tex., 222; Flanagan *v.* Oberthier, 50 Tex., 383; Wade on Notice, sec. 241.

Taking these decisions as affording the evidence of the construction of the statute, we cannot regard it an open question whether the title obtained by a *bona fide* purchaser is subject to be defeated by any subsequent act of the holder of the unregistered deed.

There is nothing in the terms of the law nor in any decisions upon it which countenances the view that the unregistered deed, declared by the statute void as to such purchaser, can be validated as against him by securing its earlier registration.

2. The documents constituting the claim of title of the plaintiff to the land were at least contracts "in relation to lands," and may have been recorded. Pas. Dig., 4989. That they were but evidence of an equitable claim to the land, and not of equal dignity to a deed, did not give immunity against the rights of the subsequent purchaser.

3. Granting the fullest equity to plaintiff, the legal title in the land did pass by Manning's deed to Hogan, who, on such assumption, took as trustee of plaintiff; still the conveyance by him to Anderson, for a valuable consideration without notice, passed the legal title discharged of the trust. Wethered *v.* Boon, 17 Tex., 146, 147; Guilbeau *v.* Mays, 15 Tex., 415; Hawley *v.* Bullock, 29 Tex., 222; Perry on Trusts, sec. 218; 1 Story's Eq. Jur., sec. 46*c;* Adams on Eq. (5th Am. ed.), p. 191; Fry on Specific Per. (2d Am. ed.), p. 389.

It is doubtful whether, under the testimony, plaintiff was entitled as against Anderson to specific performance in the absence of his proof of good faith. She did not show by testimony good against him that she had paid a valuable consideration in her purchase, which seems a necessary part

of the plaintiff's case in such suits. Hogan's receipt for the purchase money was probably good against him, but was probably not against Anderson. Short v. Price, 17 Tex., 397; Watkins v. Edwards, 23 Tex., 447; Adams' Eq., 186, and authorities.

There being no error in the record, the judgment below should be affirmed.

AFFIRMED.