MRS. S. F. PARK v. JOHNSON & RATHER ET AL.

Decided March 12, 1900.

**1. Garnishment—Sale by Assignee for Creditors—Attack Upon.**

A firm executed a deed of trust for the benefit of certain preferred creditors which was attacked as fraudulent by another creditor, a bank, but was held valid. The trustees then sold the property to appellant, who resold it at a profit, which profit was not paid to her, but was garnished by the bank, it charging that the sale by the trustees was fraudulent. Held, that the bank could not attack the sale by the trustee, because the deed of trust having been adjudged valid, if such sale was set aside the property would revert to the trustees for resale, and as the bank was not an accepting creditor, and according to its own allegations, the trust property was not sufficient to satisfy the preferred creditors, it could have no interest in the property or its sale; and further, its action in garnishing the profits resulting to the purchaser from the trustees' sale was in affirmance of such sale.

**2. Trustee for Creditors Paying Claim with Individual Funds—Set-Off.**

One of the trustees in a deed for the benefit of creditors paid a rent claim against the trust property with money of his own, and having himself afterwards bought the trust property from appellant, who had purchased it from the trustees, he sought to set off such payment of the rent claim against a balance due by him to appellant for the property, on the ground that the rent claim was a lien on the property. Held, that he could not do this, since there was no warranty against such lien in appellant's sale to him, and no knowledge or consent on her part to such payment of the rent claim, and it was his duty, as trustee, to have paid the claim out of the trust fund so as to protect the title conveyed by the trustees.

**3. Same—Recovery Back of Such Payments.**

Where trustees for the benefit of creditors allowed a rent claim against the trust estate, and one of them paid it out of his own funds, instead of out of trust funds, he could not afterwards recover such amount from the rent creditor because the latter had received a second satisfaction from sureties on the rent contract,

since such creditor was not bound to inquire and know that the claim had been paid by the trustee out of private instead of trust funds, and was liable for payment back to such sureties out of the amount so paid by them.

APPEAL from Walker.   Tried below before Hon. J. M. SMITHER.

*H. M. Whitaker* and *John C. Williams,* for appellant.

*McKinney & Hill* and *Noland M. Reid,* for appellees.

GILL, ASSOCIATE JUSTICE.—J. S. Johnson & Co., a firm of merchants engaged in the drug business, executed a preferential deed of trust whereby their stock of goods was conveyed to H. H. Parker and S. D. Johnson, as trustees for the benefit of certain named creditors. The failing firm was composed of J. S. Johnson and I. Pope.   The date of the trust deed was April 7, 1896.

The Gibbs National Bank, one of the creditors named, refused to accept under the trust deed, brought suit against J. S. .Johnson & Co. on their debt, and had a writ of attachment levied on the stock of goods in the hands of the trustees as the property of the insolvent firm.   In this proceeding the trust deed was attacked for fraud.

The trustees filed a claimant's oath and bond, whereby they regained possession of the property.   The proceeding of trial of right of property was not pressed by the bank, and the matter was disposed of by a judgment quieting the claimants in their title to the property.

J. S. Johnson & Co. did not resist the bank's suit upon the debt, and judgment final was rendered thereon in favor of the bank.   The trustees then proceeded with the execution of the trust, and the stock of goods was finally sold in bulk to Mrs. S. F. Park, the appellant, for the sum of about $2350.   She immediately resold to Johnson & Rather for $3000, and the trustees were paid the price bid, by a draft from Johnson & Rather, appellees, for about $2350, thus leaving a balance due appellant of $650.   The sale by appellant to appellee was to be a cash transaction, and appellees having failed to pay the balance due, appellant drew on them for the amount, but the draft was returned unpaid.

The trustees, upon receipt of the fund resulting from the sale of the stock, distributed it among the preferred creditors in accordance with the terms of the trust deed, but it was insufficient to pay the claim of the creditors named in class A, the indebtedness to the creditors in this class amounting to over $10,000.   The firm of J. S. Johnson & Co. was originally composed of J. S. Johnson and J. W. Murchison.   As so composed, they purchased the drug business of J. B. Hart, at Huntsville, Texas, about January 1, 1894, and continued to conduct the business in the house occupied by the said Hart.   This house was owned by G. A. Wynne, and was being occupied by Hart under a three-year lease, of date June 15, 1892, at a monthly rental of $65.   When Johnson & Co. bought out Hart they also purchased the lease.   This lease con-

tained a stipulation against subletting or assignment, and G. A. Wynne refused to release J. B. Hart from liability on the lease, and refused to consent to its assignment unless E. J. Hart & Co. would guarantee for J. B. Hart the balance due on the lease. This was done by E. J. Hart & Co. in writing. The firm of J. S. Johnson & Co., as first constituted, continued business in this house until March, 1895, when I. Pope purchased the interest of J. W. Murchison and became a partner in his stead. They continued the business until the failure, paying the rent accruing after the expiration of the Hart lease as it fell due.

G. A. Wynne brought suit against E. J. Hart & Co. on their guaranty for the rent due by J. B. Hart on the lease and finally recovered judgment thereon for $675. In this suit J. S. Johnson & Co. were not made parties, and no landlord's lien was asserted as against their stock of goods, nor was there any averment of liability against them. Pending this last named suit, and subsequent to the date of the deed of trust, G. A. Wynne, for himself and Hart & Co., as a matter of precaution, presented the rent claim (which was also the basis of his suit) to the trustees of J. S. Johnson & Co. for allowance. The claim was not mentioned nor preferred in the deed of trust, but was allowed by the trustees on the assumption that it was secured by a landlord's lien on the stock which they held under the trust deed. This claim was not presented and allowed until nearly twelve months after the expiration of the lease to J. B. Hart, and was paid by S. D. Johnson, one of the trustees, and who was also a member of the firm of Johnson & Rather. The money with which it was paid was not a part of the trust funds, but was the individual money of Johnson & Rather. When Wynne finally won his suit against Hart & Co., they paid the judgment in full, thus leaving in Wynne's hands the sum so paid him by Johnson & Rather on his claim for rent.

On the 14th day of April, 1899, Mrs. S. F. Park, the appellant, brought this suit against Johnson & Rather to recover the balance due on the purchase price of the stock of goods sold them by her.

About that time the Gibbs National Bank procured a writ of garnishment to be issued on their judgment against J. S. Johnson & Co., making G. A. Wynne and Johnson & Rather, composing the firm of Johnson & Rather, garnishees, in which it was contended that the sum in the hands of Wynne was the property of Johnson & Co., and that the balance claimed by Mrs. Park to be due her from Johnson & Rather was due to Johnson & Co.

On motion of the bank and in response to a prayer in the answer of Johnson & Rather, these garnishment proceedings were consolidated with appellant's suit, over the objection of appellant.

E. J. Hart & Co. then intervened, alleging that by reason of their having paid off the Wynne judgment against them they were subrogated to the landlord's lien by which Wynne's rent claim was alleged to have been secured, and prayed judgment against Wynne for the sum held by him as a result of his presentation of the claim for rent against the

trustees. Wynne answered that he held the money subject to the order of the court, stating how he came by it. Johnson & Rather answered to the suit of Mrs. Park, that the balance they owed her on the goods had been discharged by their payment to Wynne, it having served to liquidate a valid preference lien on the stock which they had purchased from her. The facts show that this was a voluntary payment on the part of Johnson & Rather, without authority of appellant. That nothing may be added to this confusion it is proper to state that S. D. Johnson, trustee (and also a member of the firm of Johnson & Rather), was not a member of the firm of Johnson & Co.

The facts thus stated are practically undisputed, and upon them was rendered a judgment that appellant take nothing; that Johnson & Rather go hence with their costs; that the bank take nothing, and that the interveners, E. J. Hart & Co., recover of Wynne the sum he had collected from Johnson & Rather and costs of suit. Appellant alone complains of the judgment.

The contention of the bank that the balance due Mrs. Park was in fact due J. S. Johnson & Co., because the sale by the trustees to Mrs. Park was irregular, fraudulent, and void, is utterly untenable. If fraudulent as alleged, the bank could not complain for two reasons: (1) Because the trust deed had been already adjudged valid in a contest between the trustees and the bank, so if the sale was set aside the goods would revert to the trustees for a resale, and the balance due by the purchaser at such a sale could in no event be subjected to the claim of the bank, unless in excess of the debts preferred; (2) the bank was not an accepting creditor, and alleged no facts which would authorize it to attack the sale, the alleged value of the goods being less than the aggregate debts preferred in the trust deed. Certainly it could not be assailed by a party not in a position to share in the fruits of the attack if successful. Flanagan v. Pearson, 50 Texas, 388. For these reasons the bank had no concern in this litigation. It was precluded by the further reason that there was no effort to set aside the sale, but it was sought to subject the proceeds of a resale by the purchaser, which in effect affirmed the sale by the trustees. There was no pretense that this sum was in excess of the preferred debts. Wynne is not complaining of the judgment in favor of E. J. Hart & Co., so their presence in the suit, if error, becomes immaterial.

The sole question remaining and upon which this appeal must turn is whether the payment by Johnson & Rather to Wynne was properly held to be a bar to appellant's demand. To prove effective it must have been shown that a lien existed in favor of Wynne or Hart & Co., and that Mrs. Park bought subject to such lien and sold with warranty against it. We are of opinion that no lien existed, but conceding that it did, Johnson & Rather are not protected in their payment to Wynne. S. D. Johnson, of the firm of Johnson & Rather, was one of the trustees, and approved the claim as trustee when presented. The stock was sold

to Mrs. Park with knowledge on the part of Johnson of the existence of this claim. It is not pretended that Mrs. Park, in her sale to Johnson & Rather, warranted the property free from such lien.

The rent claim was presented to the trustees to be approved against the trust funds, and should have been satisfied out of such funds. If Johnson & Rather paid it out of their individual funds, they can not make themselves whole at the expense of Mrs. Park. In order to make a shadow of a case against her they thought it necessary to allege that the money was appropriated to this claim with her knowledge and consent, and the evidence wholly failed to sustain this allegation.

Nor can they recover the money from Wynne. S. D. Johnson having approved the claim as trustee, the holder of the claim is not responsible if he paid it out of other than trust funds.

We have not undertaken to dispose of the assignments of error in detail, but after reciting the uncontroverted facts will proceed to render the judgment which under well settled principles of law should have been rendered in the court below. It appearing that no legal defense was opposed to plaintiff's suit, the judgment of the trial court as between appellant and Johnson & Rather is reversed, and judgment here rendered in favor of appellant against the appellees S. D. Johnson and Rather for the amount of her claim, to wit, $650, with 6 per cent interest from 4th day of May, 1896. In other respects the judgment is undisturbed.

*Reversed and rendered.*

ON MOTION FOR REHEARING.

In disposing of this appeal this court proceeded upon the theory that it was immaterial to the rights of the parties whether or not a lien existed against the goods in the hands of the trustees for the payment of the rent claimed by Hart & Co. against Johnson & Co. We are still of opinion that this is so, for the reason that S. D. Johnson, one of the trustees, allowed the rent claim against the trust fund in his hands. Upon the sale to Mrs. Park the proceeds of such sale took the place of the goods sold, and out of such proceeds the trustees should have paid the claim. That they paid it out of their individual funds can not be held to be the fault of any one but themselves, and neither appellant nor Wynne can be made to suffer for their act in failing to pay it out of the fund against which it was chargeable. This being true, it can not be said that either Mrs. Park or Johnson & Rather bought subject to the lien. S. D. Johnson having allowed the claim against the trust property, should have paid the claim as trustee and protected the title of the purchaser, and having failed to do this, and having paid the sum out of the funds of his firm, must alone suffer for his fault. He, as trustee, had the lawful right to discharge such preference claims as were superior to the claims of preferred creditors, and having allowed the claim as such, thereby undertook to do so. To

hold that the consequences of his failure should be visited upon others would be most inequitable. Wynne, by presenting the claim to the trustee on behalf of himself and Hart & Co., assented to its satisfaction in that way, and accepted the trustee's undertaking to protect it. The claim was paid, and they were not bound to inquire from whence came the funds with which it was discharged. At that time Mrs. Park may have been able to require its payment out of the proceeds of the sale and thus protect her title. But for the act of the trustee, Wynne and Hart & Co. may have been able, if they had a lien, to pursue some other remedy, had the course adopted proved unsuccessful. The funds of the trust have been long since distributed among the creditors, and that means of protection is lost. For these reasons it seems to us clear that S. D. Johnson, the trustee, whose firm purchased from Mrs. Park, is in no position to ask that the consequences of their acts should be visited upon those who had no control over his acts as trustee and who were not at fault in the matter. Whether the rent claim was a lien or not, neither the trustee nor any creditor demurred to its allowance against the trust funds. They alone could complain. The act of the trustee in allowing the claim is undisputed. The sale to Mrs. Park is not attacked by any party having the right to attack it. These facts are admitted. It is not contended that the facts bearing upon this aspect of the case can be made to appear otherwise upon another trial. This being true, it was the duty of this court to proceed as it did to render the judgment which should have been rendered by the trial court. The motion for rehearing is overruled.

The judgment of the lower court remains undisturbed as between Hart & Co., Wynne, the bank, and Johnson & Rather. Appellee Wynne's motion to reform the judgment is also overruled.

*Overruled.*