**ARROWOOD et al. v. BLOUNT et al.**
**(No. 1531.)**

Court of Civil Appeals of Texas. Beaumont. May 5, 1927.

Rehearing Denied May 18, 1927.

**1. Executors and administrators** 〰397— Granting clause and recitals of administrator's deed held to show sale of land described therein and not mere quitclaim.

Granting clause of administrator's deed, reciting, "have granted, bargained, sold, * * * do grant, bargain, and sell to grantees all right and title of decedent to certain described tract of land," though standing alone constituting a mere quitclaim deed, when construed in connection with other recitals that administrator was empowered to sell a tract of land belonging to decedent's estate, that he offered it for sale, and that purchasers bought it, *held* to show as matter of law that administrator was not merely quitclaiming land to grantees, but was in fact selling them the land.

**2. Executors and administrators** 〰388(5)— One may be bona fide purchaser at administrator's sale.

One may be a bona fide purchaser of land at administrator's sale.

**3. Executors and administrators** 〰388(5)— Purchasers at administrator's sale of land after patent issued held innocent, where transfer of certificate was not recorded in county where land was situated.

Purchasers at regularly conducted administrator's sale of one labor of land for which patent had issued were innocent purchasers, where certificate was not recorded in the county where land was situated, notwithstanding transfer of certificate had been filed in general land office and that evidence did not show when certificate was located.

**4. Public lands** 〰178(3)—Transferred land certificate became, on issuance of patent, conveyance subject to registration, in county where land was situated.

A certificate for one labor of land, which had been signed, duly acknowledged, and transferred by the person to whom issued, became, upon issuance of patent, a conveyance subject to registration in the county where the land was situated.

**5. Public lands** 〰176(2)—Purchaser of land after patent has issued need not go behind patent as to transfers not recorded.

One purchasing land after the patent has issued is not required to go behind the patent to establish a purchase in good faith, provided the transfers behind the patent are not duly recorded, whether the certificate was transferred before or after the location.

Appeal from District Court, Sabine County; V. H. Stark, Judge.

Trespass to try title by Mrs. Mary A. Arrowood and others against S. W. Blount and others. Judgment for defendants, and plaintiffs appeal. Affirmed.

Jas. G. Barker, of Hemphill, and John Hancock, of Fort Worth, for appellant.

S. W. Blount, of Nacogdoches, for appellees.

WALKER, J. February 1, 1838, a certificate for one labor of land was issued to A. Huston. By an indorsement in writing, dated July 13, 1839, signed by A. Huston, and duly acknowledged by him on the 15th day of July, 1839, he transferred this certificate to Robert Carradine. On September 8, 1848, patent issued to "A. Huston and his assigns forever" to one labor of land situated in Sabine county, Tex. Henry Lewis, administrator of the estate of A. Huston, deceased,

under authority of probate orders in all respects legal, sold this labor of land as described in the patent to E. A. and S. W. Blount, by deed dated January 3, 1888. This suit was instituted by the heirs of A. Carradine against the Blounts by petition in the usual form of trespass to try title to recover the A. Huston labor of land. The defendant answered by exception, plea of not guilty and innocent purchaser. Upon trial to the court without a jury, judgment was entered in favor of the defendants, but without separate conclusions of law and fact.

[1, 2] Appellants advance the proposition that the administrator's deed, under which the Blounts hold, is insufficient in law to sustain the plea of innocent purchaser. The deed in question was in the usual form of an administrator's deed, complying with all requisites provided by the statute. The language of the deed, "have granted, bargained, sold and by these presents do grant, bargain and sell unto the said E. A. Blount and S. W. Blount all the right and title A. Huston had in and to the A. Huston labor of 177 acres of land situated in Sabine county, Texas," might, if it stood alone, constitute the deed a mere quitclaim (Cook v. Smith, 107 Tex. 119, 174 S. W. 1094, 3 A. L. R. 940; Threadgill v. Bickerstaff, 87 Tex. 520, 29 S. W. 757; Richardson v. Levi, 67 Tex. 359, 3 S. W. 444), but, when construed in connection with the recitals in the deed, its legal effect is not open to question. On its face the deed shows that the administrator was empowered to sell "a tract of land" belonging to the estate of A. Huston; that he offered for sale the "land"; that the purchasers bid the sum of $177 for the "land." The report of sale was of 177 acres of "land," and the deed further recited that E. A. and S. W. Blount were the purchasers of said "land." When all the language of the deed is given effect, it appears as a matter of law that the administrator was not merely quitclaiming the land to the Blounts, but was, in fact, selling them the land. Cook v. Smith, supra; Elmore v. Saulnier (Tex. Civ. App.) 233 S. W. 1003. It has long been the law of this state that one may be a bona fide purchaser at an administrator's sale. White v. Frank, 91 Tex. 66, 40 S. W. 962; Withers v. Patterson, 27 Tex. 501, 86 Am. Dec. 643; Love v. Berry, 22 Tex. 373; Nesbit v. Richardson, 14 Tex. 660; Jackson v. Berliner (Tex. Civ. App.) 127 S. W. 1160.

[3] Appellant advances the further proposition that the Blounts were not, in fact, innocent purchasers. In addition to the facts as already stated, the record further shows that the land certificate to A. Huston, with the transfer and acknowledgement thereof, was filed in the general land office but never recorded in Sabine county, where the land was situated, and before purchasing the Blounts made a careful examination of the deed records of Sabine county, and, finding nothing of record there to impeach the A. Huston title, purchased the land in good faith from the administrator, paying the price recited in the deed, which sale was duly approved by the probate court, and deed executed in accordance therewith. No evidence was offered showing when the certificate was located on the land in question, nor when the land was surveyed. The statement we have made reflects all the evidence offered on this issue.

We give appellants' proposition in their own words:

"The trial court erred in rendering judgment against plaintiffs, and in favor of the defendants, for the lands sued for, because the title thereto shown to be in plaintiffs could not be defeated by defendants' plea of innocent purchaser, inasmuch as the transfer of the A. Huston certificate was made by A. Huston to R. P. Carradine, before location and patent and while the same was personal property. Under said state of facts, said transfer was not subject to recordation; consequently, the plea of innocent purchaser, a creature of recordation statutes, is inapplicable."

[4] If we concede, for the sake of argument, that the A. Huston certificate, at the time of its transfer to Carradine, had not been located on the land in controversy, yet after the land was patented it became a conveyance concerning land, and was subject to registration in Sabine county where the land was situated. This was clearly held by the Supreme Court in Leonard v. Benford Lumber Co., 110 Tex. 83, 216 S. W. 382. In that case the land in controversy was located May 6, 1860, by virtue of a donation certificate issued to Lewis Cox. After his death, on partition of his estate, this certificate passed to Minerva I. Roe, and was by her and her husband, on the 15th day of July, 1857, transferred in writing to James C. Dunlap, who, by a written transfer dated March 17, 1860, transferred it to William R. Leonard. These transfers, being duly acknowledged, were recorded on the 7th day of May, 1860, in Trinity county, where the land in controversy was situated, and, after the destruction of the records of that county by fire in 1872, were re-recorded in 1874. Leonard, the plaintiff in error, held under this recorded title. The land was patented April 15, 1908, to the heirs of Lewis Cox, who, on the 13th day of July, 1908, conveyed the land to defendant in error, Benford Lumber Company. On these facts, Judge Greenwood, speaking for the court, said:

"Unless the Benford Lumber Company was an innocent purchaser, it is apparent from the above statement that plaintiff in error is the owner of the superior title to the land in controversy.

"The acquisition by Minerva I. Roe, in 1856, of the entire certificate, in the partition of the estate of Lewis Cox, is shown in her recorded conveyance to James C. Dunlap; but it is denied that defendant in error should be charged

with notice of the contents of this conveyance for three reasons: First, that the conveyance was of a personal chattel and hence its registration was unauthorized; second, that the title acquired by defendant in error had its origin in the patent and defendant in error was not required to take notice of defects, though disclosed by the records, back of the patent. * * *

"Notwithstanding the certificate was conveyed when it was personalty, yet the conveyance concerned land after the location of the certificate in Trinity county; for the legal effect of the conveyance of the certificate was to invest the purchaser with a title to the land, when located, and to make the patent, when issued, inure to the purchaser's benefit. Merriweather v. Kennard, 41 Tex. 281; Humphreys v. Edwards, 89 Tex. 516, 519, 36 S. W. 333, 434; Cagle v. Timber & Lumber Co. [109 Tex. 178] 202 S. W. 942 [6 A. L. R. 1426]. The transfer of the land certificate came within Lord Cairn's definition of a 'conveyance,' when he stated: 'There is no magical meaning in the word "conveyance"; it denotes an instrument which carries from one person to another an interest in land.' Credland v. Potter, L. R. 10 Ch. 8, 12.

"However, our statute not only authorized the record of conveyances but of all other instruments concerning land. Article 6823, R. S. This court said, per Justice Gaines, in Shifflet v. Morelle, 68 Tex. 390, 4 S. W. 846: 'When the location is made, antecedent transfers of the certificate, or of the right, being evidence of title to the specific land located, may be lawfully registered in the county where the property is situated.' The same construction is given the statute in Lewis v. Johnson, 68 Tex. 450, 4 S. W. 644, Tevis v. Collier, 84 Tex. 641, 642, 19 S. W. 801, Ranney v. Hogan, 1 Posey, Unrep. Cas. 257, Peterson v. Lowry, 48 Tex. 411, and West v. Loeb, 16 Tex. Civ. App. 402, 403, 42 S. W. 612.

"To hold that a transfer of a land certificate could not be lawfully recorded in the county wherein it was subsequently located would be inconsistent with the often repeated declaration that the policy of our registration laws requires that our public records disclose all matters affecting our land titles. Henderson v. Pilgrim, 22 Tex. 476; Moran v. Wheeler, 87 Tex. 184, 27 S. W. 54."

Since the certificate and its transfer were subject to registration in Sabine county, but, not being of record, the Blounts were not visited with constructive notice thereof, and on the showing that they purchased in good faith and for value, the issue of "innocent purchaser" was properly resolved by the trial court in their favor.

[5] But the cases relied upon by appellant (Dodge v. Litter, 73 Tex. 319, 11 S. W. 331; Kenley v. Robb [Tex. Com. App.] 245 S. W. 68) are distinguishable from the facts of this case. Those cases dealt with the issue of notice of transfers made before issuance of patent. In the case before us the transfer in question was made to the Blounts long after the issuance of the patent. As we understand our decisions, it is the established law of this state that one purchasing land after the patent has issued is not required to go behind the patent in order to establish a purchase in good faith, provided the transfers behind the patent are not duly recorded, and that whether the certificate was transferred prior or subsequent to location. This proposition was recognized by Judge Greenwood in the Leonard Case, and has been so often announced by our courts that the mere citation of authorities without quoting therefrom is sufficient. Wimberly v. Pabst, 55 Tex. 592; Durst v. Daugherty, 81 Tex. 650, 17 S. W. 388; Sickles v. White, 66 Tex. 178, 17 S. W. 543; Browning v. Pumphrey, 81 Tex. 163, 16 S. W. 870.

On our conclusions that the administrator's deed to the Blounts was sufficient to support the plea of innocent purchaser and that the Blounts were, in fact, purchasers in good faith, the judgment of the trial court is in all things affirmed.