## BALDWIN v. DREW.    (No. 356–3112.)

(Commission of Appeals of Texas, Section A.
Nov. 15, 1922.)

1. Deeds ⊙⇒25, 110 — Evidence ⊙⇒450(3) — Construction of deed is for court; quitclaim defined; use of word "quitclaim" does not render deed ambiguous.

The construction of a deed, in the absence of any ambiguity, is a question of law for the court, and if, according to the face of the instrument, its operation is to convey the property itself it is a deed, but if it purports to convey no more than the title of the grantor it is only a quitclaim deed, and the use of the word "quitclaim" in a deed does not necessarily render the deed so ambiguous as to authorize the admission of parol evidence to determine whether the deed conveyed the land or merely chance of title.

2. Deeds ⊙⇒25—Deed held not a quitclaim deed.

A deed reciting that the grantor granted, sold, conveyed and quitclaimed certain land, being a part of certain leagues, "to have and to hold the premises with their appurtenances unto the grantee and his heirs and assigns forever, it being the intention of this instrument to convey all the land in the two leagues mentioned which was owned by * * * whatever the description by metes and bounds might be," was a warranty and not a quitclaim deed.

Error to Court of Civil Appeals of Ninth Supreme Judicial District.

Action by Tom M. Drew against Jacob C. Baldwin. A judgment for plaintiff was affirmed by the Court of Civil Appeals (195 S. W. 636), and defendant brings error. Reversed and remanded.

Baldwin & Baldwin, of Houston, for plaintiff in error.

Marshall & Harrison, of Liberty, for defendant in error.

SPENCER, P. J. Defendant in error, Tom W. Drew, instituted this suit to recover of plaintiff in error, Jacob C. Baldwin, upon a promissory note for the sum of $300 and to foreclose a vendor's lien retained therein on certain lands described in the note.

Plaintiff in error answered, admitting the execution of the note, but alleged that the consideration therefor had failed. He also pleaded that defendant in error claimed the land in virtue of a warranty deed from Tom Moore; but that Moore was insane at the time of the execution of the deed and because of his insanity that no title passed in virtue of the deed; and that Moore had notified plaintiff in error not to pay the note.

In a cross-action plaintiff in error alleged that the deed from defendant in error was a warranty against the payment of the unpaid taxes due on the land, at the date of its conveyance to plaintiff in error. He prayed that Moore be made a party to the suit, that the deed from defendant in error to plaintiff in error be canceled, and that he have judgment against defendant in error for the $200 purchase price paid by him.

When the case was called for trial, plaintiff in error sought to have the case continued for the purpose of bringing in Moore as a party, whereupon defendant in error withdrew that portion of his petition seeking a foreclosure on the land. The court overruled the application for a continuance.

After the dismissal by defendant in error of the foreclosure feature of his suit, plaintiff in error filed a plea in abatement to the jurisdiction of the court on account of the amount in controversy being less than $500. This plea was overruled.

The court submitted but two special issues to the jury, to wit:

---

⊙⇒For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Question No. 1. "Did Tom Drew intend to convey, and J. C. Baldwin to acquire by said deed, dated February 12, 1910, only such title as Drew might have in the land, or the mere hazard of chance of title?"

Question No. 2. "Was it understood and agreed by and between the plaintiff and the defendant, at the time of the execution and delivery of the deed and note, that the defendant, Baldwin, was to assume the payment of the taxes due against the land mentioned and described in said deed?"

Both of these questions were answered in the affirmative. Judgment was rendered in favor of defendant in error for the amount of the note, and denying plaintiff in error any relief upon his cross-action. Upon appeal, this judgment was affirmed. 195 S. W. 636.

[1] Plaintiff in error objected to introduction of parol evidence for the purpose of determining the intention of the parties as to whether the instrument conveyed the land or merely chance of title, and insisted that the construction of the deed, in the absence of any ambiguity, was a question of law for the court. The decision of the Court of Civil Appeals was adverse to plaintiff in error's contention.

It is claimed by the plaintiff in error, in his application for the writ, that the decision in this case by the Court of Civil Appeals as to the character of deed from Drew, is in conflict with the decision of the Supreme Court in Cook v. Smith, 107 Tex. 119, 174 S. W. 1094, 3 A. L. R. 940.

There is, we think, a direct, well-defined, and irreconcilable conflict between the two cases on the precise question of law, as applied to practically the same state of facts. In Cook v. Smith, the Supreme Court had under construction a certain instrument to determine whether by its terms it conveyed the property described therein or merely the title thereto. The instrument under consideration in that case contained clauses which, if standing alone, would constitute it a quitclaim only, but when construed in connection with other clauses present in the deed, it amounted to a conveyance of the property and not the mere title to the property. In announcing the rule for determining the character of the instrument, Mr. Chief Justice Phillips, speaking for the court, said:

"The character of an instrument, as constituting a deed to land or merely a quitclaim deed, is to be determined according to whether it assumes to convey the property described and upon its face has that effect, or merely professes to convey the grantor's title to the property. If, according to the face of the instrument, its operation is to convey the property itself, it is a deed. If, on the other hand, it purports to convey no more than the title of the grantor, it is only a quitclaim deed."

[2] The instrument in the present case reads as follows:

"State of Texas, County of Harris.

"Know all men by these presents: That I, Tom M. Drew of the county of Polk and state of Texas, for and in consideration of the sum of $200 cash to me in hand paid and the further sum of $300 to be paid as hereinafter recited by Jacob C. Baldwin of the county of Harris and state of Texas, have granted, sold, conveyed, and quitclaimed and by these presents do grant, sell, and convey and quitclaim unto the said Jacob C. Baldwin of the county of Harris and state of Texas 1,579 acres of land, the same being a part of the J. D. Martinez leagues Nos. 9 and 6 in Liberty county, Texas, and being the same land sold and conveyed by H. J. McCardell, administrator of the estate of James Davis, deceased, to D. D. Moore, and by Tom Moore, sole surviving heir of D. D. Moore, to myself as shown by deeds of record in Liberty county, Texas, and by certified copies of certain probate documents recorded in volume 25, pp. 303-313 of the Deed Records of Liberty county, Texas, to which reference is made for better description.

"It being understood that the intention of this instrument is to convey to the grantee all land in either of the two leagues above mentioned, which was at any time owned or claimed or stood in the name of D. D. Moore, no matter what the description by metes and bounds might be.

"To have and to hold the above-described premises, together with all and singular the rights and appurtenances thereto in any wise belonging unto the said Jacob C. Baldwin, his heirs and assigns forever. And I do hereby bind myself, my heirs, executors, and administrators to warrant and forever defend all and singular the said premises unto the said Jacob C. Baldwin, his heirs and assigns against every person whomsoever lawfully claiming or to claim the same or any part thereof, by, through, or under me.

"It is expressly understood that the consideration hereinbefore mentioned, the sum of $200, has been this day paid in cash, and the further sum of $300 is evidenced by the promissory note of said grantee of even date herewith, made payable to grantor and due two years after date, interest at the rate of 6 per cent. per annum and that a vendor's lien is expressly retained to secure the payment of said note and interest. Witness my hand at Houston, Texas, this 12th day of February, 1910. [Signed] Tom M. Drew."

The language employed is clear and unambiguous. By the very terms of the deed, the grantor conveys, not his title to the property, but the property itself. It has in fact none of the characteristics of a quitclaim deed, except the mere appearance therein of the word quitclaim. But the presence of the word quitclaim is not to prevail against the emphatic and certain terms of conveyance of the property, as distinguished from the mere title of the grantor. The instrument upon its face cannot be construed as other than a conveyance of the property described

therein. Upon another trial the instrument should be so treated.

We recommend, therefore, that the judgments of the Court of Civil Appeals and of the district court be reversed, and the cause remanded for a new trial.

CURETON, C. J. The judgment recommended in the report of the Commission of Appeals is adopted and will be entered as the judgment of the Supreme Court.

We approve the holding of the Commission of Appeals on the question discussed in its opinion.