## WARNER et al. v. PATTON et al.
### (No. 3215.)

Court of Civil Appeals of Texas. Amarillo. June 19, 1929.

Rehearing Denied Sept. 18, 1929. As Modified by Order of Sept. 26, 1929.

James B. Watson, Hugh B. Smith, and Thompson & Barwise, all of Fort Worth, for appellants.

Allen & Jarman, of Oklahoma City, Okl., Oswalt & Myers, of Crowell, and O. O. Franklin, of Vernon, for appellees.

RANDOLPH, J. This suit consists of two suits, originally filed in the district court of Foard county, Texas; the first having been brought by J. B. Easley, as plaintiff, against Geo. P. Warner, Clara N. Warner, James B. Watson, and the heirs of David Wallace, as defendants, and on the same day another suit was filed by T. S. Patton et al., as plaintiffs, against the heirs and trustees of the David Wallace estate. The two suits were consolidated by agreement of the parties and tried together. The parties will be designated herein as in the trial court.

The two suits were for the title and possession of land and the oil and gas mining rights involved in the reservations contained in several deeds to sections 21, 23, 27, and 95, in block A, Texas & New Orleans Railway Company survey, Foard county, Texas. The case was submitted to a jury upon special issues, and on the answers returned by them the trial court rendered judgment for the plaintiffs for the oil and gas mining rights in controversy, as against the defendants, and from this judgment the defendants have appealed.

In each of the cases, the plaintiffs in their petition claimed certain of the named sections of land as owners thereof and alleged common source of title. The controversy between the parties arises over a reservation of the mineral rights and minerals, as made in the habendum clause of the deeds, which reservations are practically identical in the several deeds and are as follows: "But do hereby expressly reserve and except * * * all the mines, minerals, and mineral rights whatsoever that may be within, upon, or under the said tract of land or any part thereof."

The defendants contend that this reservation as a matter of law reserves the oil and gas on, in, or under the land, as well as metallic ore, such as copper, silver, lead, or iron. On the other hand, plaintiffs contend that the terms "minerals" or "mineral rights," as used in said reservation, were only intended to reserve metallic ore and metals and mineral products, in the ordinary methods of mining ore and metals, and in effect that the words "minerals" and "mineral rights" were not understood in the community, or generally in the state of Texas, to include oil and natural gas, and further, if the reservation as drawn was sufficient in legal effect to include oil and natural gas, it was a mutual mistake of the parties.

The defendants, in answer to this last proposition, say that the plaintiffs' action is based upon the question of mutual mistake, and the right to reform the instrument is barred by the statutes of limitation. Before going to the heart of the case, we shall dispose of the last question just stated. If the plaintiffs' case is based upon their right to reform the language of the reservations, certainly the assertion of such right comes too late after 25 years. It would clearly be barred. Cleveland State Bank v. Gardner (Tex. Com. App.) 286 S. W. 173.

But we do not think a reformation of the deed was necessary to the assertion of the plaintiffs' rights. If the language of the res-

ervation, as a matter of law, included oil and gas, then the plaintiffs could not recover. On the other hand, if the reservation did, as a matter of law, exclude oil and gas as minerals, the plaintiffs would be entitled to recover, and hence the instrument under which the plaintiffs claim the oil and gas would need no reformation.

The only question for our consideration is: Were the terms "minerals" and "mineral rights" such as to definitely include all minerals and oil and gas as minerals as a matter of law under the term "minerals"? This, notwithstanding the plaintiffs' plea that such was not the intention of the parties at the time of the execution of the reservations. We think that the intentions of the parties cannot give such effect to the reservations, in view of the interpretation given to the term "minerals" and "mineral rights" by the courts of this state. We can serve no useful purpose in discussing the evidence in this case, or the effect of the plaintiffs' pleading and evidence upon the question of intention of the parties, especially where we do not conclude that the plaintiffs' evidence establishes the fact of their intention to exclude oil and gas from the reservations. In any event, we think that the law of Texas had definitely fixed the status of oil and natural gas as minerals at the time of the making of the reservations. Further, for the same reason, we do not deem it necessary to discuss the decisions of other state courts.

The language of the reservations on their face is not ambiguous. Corpus Juris defines "patent ambiguity" as: "One which arises upon the words of the instrument, as looked at in themselves, and before any attempt is made to apply them to the object which they describe." 2 C. J. pp. 1313, 1314, § 2. The law, as stated, having fixed the status of oil and gas as minerals, the language of the reservations, upon the interpretation thereof by the Supreme Court in the case below cited, and the case approved by the Supreme Court, presents no patent ambiguity.

When an instrument is not ambiguous, the intentions of a party to it, particularly as to the thing or estate reserved or conveyed, is a question of law, and it should not be submitted to a jury. Baldwin v. Drew (Tex. Com. App.) 244 S. W. 987. In the case of Luse v. Boatman (Tex. Civ. App.) 217 S. W. 1096, Judge Buck, of the Fort Worth court, ably discusses the question whether or not the general term "mineral" included oil and gas, and holds that it does. This opinion of Judge Buck is a full discussion of many authorities from other states and in this state, and he answers the question in the affirmative. The Supreme Court refused an application for writ of error in the Luse Case.

The case at bar is much stronger in favor of the conclusion that oil and gas were in-cluded in the reservation, because in this case the reservation contains the additional language: "All mines and minerals and mineral rights whatsoever." In the case of Elliott v. Nelson, 113 Tex. 62, 70, 71, 251 S. W. 501, 504, Justice Hamilton expressly approves the holding of the Fort Worth court in the Luse Case in the following paragraph of his opinion:

"In the case of Luse v. Boatman, 217 S. W. 1096, the Court of Civil Appeals for the Second Supreme Judicial District construed a deed reserving 'all the coal and mineral on and in' the land conveyed thereby, and held that oil and gas were minerals embraced within the term 'mineral' as used in the reservation. Application for writ of error was made to our Supreme Court in that case. We have examined that application, and the sole question presented, in the various assignments, was whether the Court of Civil Appeals erred in holding that the reservations of 'all the coal and mineral on and in the above-described land with the right, at all times, for him or them, or either of them to enter upon said premises and to mine and remove the same or any part thereof, in person and by agents,' in the deed of conveyance, included oil and gas. Writ of error was refused. The opinion of the Court of Civil Appeals in the Luse Case reviews the authorities at some length, and we deem it unnecessary to engage in a further discussion of them here. The reservation there construed to include oil and gas was less favorable to that contention than the reservation in the deed under consideration in this case, because the use of the term 'coal,' in that reservation, gave some ground for insistence that the general term 'mineral,' following, should be construed as having reference to things only of the same kind and class as coal—the doctrine of ejusdem generis. That the reservation in the certificate set out does include within its operative effect oil and gas we have no doubt. State of Texas v. Parker, 61 Tex. 265; Swayne v. Lone Acre Oil Co., 98 Tex. 597, 607, 86 S. W. 740, 69 L. R. A. 986, 8 Ann. Cas. 1117; Texas Co. v. Daugherty et al., 107 Tex. 226, 176 S. W. 717, L. R. A. 1917F, 989; Williams v. South Penn Oil Co., 52 W. Va. 181, 43 S. E. 214, 60 L. R. A. 795; Sult v. Hochstetter Oil Co., 63 W. Va. 317, 61 S. E. 307; Murray v. Allred, 100 Tenn. 100, 43 S. W. 355, 39 L. R. A. 249, 66 Am. St. Rep. 740; Barker v. Campbell, 64 Okl. 249, 167 P. 468 [L. R. A. 1918A, 487]; Nephi Plaster Co. v. Juab County, 33 Utah, 114, 93 P. 53, 14 L. R. A. (N. S.) 1043; Mound City v. Goodspeed Oil & Gas Co., 83 Kan. 136, 109 P. 1002; Columbian Oil Co. v. Blake, 13 Ind. App. 680, 42 N. E. 234." (This list of authorities quoted from 251 S. W. 501—not 113 Tex. 62, 70, 71.)

We therefore hold that the reservations being considered in this case included oil and

natural gas as a matter of law, and therefore reverse the judgment of the trial court, and here render judgment for the defendants (appellants).