G. H. THREADGILL v. J. B. BICKERSTAFF ET AL.

No. 233.

1. **Executed Contract—Conveyance of Land.**

The grantee of a land certificate, after its location, in writing conveyed his interest in the land covered by the location. Such conveyance was not rendered executory by the addition of a clause obligating the grantor "to give and execute a deed in fee   *   *   *   as soon as the deed for the same may be obtained from the State" .......................................... .. 522

2. **Same—Same.**

A transfer in writing of a deed for land, with the clause, "hereby relinquish unto the said grantee all the privileges thereto belonging," conveyed the land, and was not an executory contract ............................. 522

3. **Quitclaim Deed.**

To be a quitclaim, the instrument must purport to convey to the purchaser no more than the right, title, or interest of the grantor. See example ..... 522

4. **Immaterial Evidence—Notice.**

A purchaser under a quitclaim deed being chargeable with notice of the better title, is not injured when sued by the owner of the title by the exclusion of such quitclaim deed; although competent, it could not bar recovery.... 523

ERROR to Court of Civil Appeals for Third District, in an appeal from Falls County.

The opinion gives a statement of the case.

*Rice, Patrick & Scott* and *Williams & Evans,* for appellant, cited: Rev. Stats., arts. 2248, 3209; Parks v. Caudle, 58 Texas, 216; Bounds v. Little, 75 Texas, 316; Mitchell v. Matson, 7 Texas, 3; Floyd v. Rice, 28 Texas, 341; Newton v. Newton, 77 Texas, 511; Todd v. Dysart, 23 Texas, 598; Chamberlin v. Boon, 74 Texas, 659; Boon v. Chamberlin, 82 Texas, 480.

*J. A. Martin,* for defendants in error.

BROWN, ASSOCIATE JUSTICE.—Hiram Baker was the common source of title in this case. The plaintiffs claim that in 1852 Hiram Baker made to Seaborn Bickerstaff, their ancestor, the following instrument of writing:

"STATE OF TEXAS, ⎫
"Hopkins County. ⎬

"Know all men, that I, Hiram Baker, for the consideration of ($332) three hundred and thirty-two dollars, the receipt is hereby acknowledged, do hereby transfer all my right, title to the above obligation hereunto annexed (given unto Hiram Baker aforesaid) unto Seaborn Bickerstaff, of Titus County, his heirs and assigns; by these presents hereby relinquish unto the said Seaborn Bickerstaff all the privileges

thereunto belonging unto him, the said Seaborn Bickerstaff, to have and to hold the same unto him, the said Bickerstaff, forever.

"In testimony whereof, I hereunto set my hand and seal made with a scroll, this the 28th day of August, 1852.

[Signed]     "HIRAM BAKER.

"Witness: LUCY ANN CULLOM."

The above instrument was attached with sealing wax to a deed from Henry Bickerstaff to Hiram Baker, conveying to him the land in controversy. The deed from Henry Bickerstaff to Hiram Baker, which was attached to the above instrument, after conveying the land, concluded in these words: "I, the said Henry Bickerstaff, bind myself, my heirs, and legal representatives, to give and execute a deed in fee of the parcel aforesaid, hereby conveyed, and his legal representatives, as soon as the deed for the same may be obtained from the State."

The plaintiffs below were the wife and child, only heirs of Seaborn Bickerstaff, and Caroline E. Cary was the wife of Hiram Baker (she having married since his death), and Horace Baker and C. C. Baker were his children. The three conveyed the land by deed to W. A. Patrick, which, after reciting the payment of the consideration, proceeds: "Do by these presents bargain, sell, release, and forever quitclaim unto the said W. A. Patrick, his heirs and assigns, all of our right, title, and interest in and unto that tract or parcel of land lying in the county of Falls and State of Texas, described as follows: an undivided interest of 83⅓ acres out of 200 acres off the south end of the Samuel Gregg survey, beginning," etc., giving the field notes, and concluding, "to have and to hold the said premises, together with all the rights, privileges, and appurtenances to the same in any manner belonging, unto the said W. A. Patrick, his heirs and assigns, so that neither we, nor the grantors, nor our heirs, nor any person or persons claiming under us, shall at any time hereafter have, claim, or demand any right or title to the aforesaid premises, or appurtenances, or any part thereof." Signed by the parties, and acknowledged.

The deed from Henry Bickerstaff and the assignment or transfer thereof to Seaborn Bickerstaff were not acknowledged or proved for record, but were in fact recorded.

The court excluded the deed from Mrs. Cary and the Bakers to Patrick for alleged defects in the certificate of acknowledgment. A deed from Horace and C. C. Baker to B. H. Rice of a similar import, though not in all terms the same, was also excluded by the court for similar reasons, but no complaint was made in this court of the action of the court upon that instrument. It appears that defendant claimed part of the land under the latter deed. Defendant claimed that he had possession in good faith for more than a year before the institution of the suit, and had made valuable improvements thereon.

Upon trial, judgment was rendered for plaintiffs for the land and for defendant for $500 for improvements, which judgment upon appeal was affirmed by the Court of Civil Appeals.

Plaintiff in error asserts that the instrument made by Henry Bickerstaff to Hiram Baker, and the transfer of that paper by the latter to Seaborn Bickerstaff, did not convey title to the latter, and that if any title passed it was an executory and equitable title, and this action is barred as a stale demand.

The location of the land and return of the field notes to the General Land Office vested in Henry Bickerstaff a right that did not require any action to enforce it, and the deed from him to Baker conveyed all the right that Bickerstaff had. The transfer of this deed by Baker to Seaborn Bickerstaff, with the clause, "hereby relinquish unto the said Seaborn Bickerstaff all the privileges thereunto belonging," conveyed to the latter all the right of Hiram Baker in the land; it was an executed contract and required no proceeding to perfect it; it was not therefore subject to the bar of stale demand. Duren v. Railway, 86 Texas, 291. The main question in this case arises upon the action of the trial court in excluding from the jury the deed from Caroline Cary and the Bakers to Patrick, which upon an examination of the record we conclude becomes unimportant.

In Richards v. Levi, 67 Texas, 364, Judge Gaines, for the court, says: "The clear deduction from the cases cited is, that in order to charge a purchaser with notice of an unrecorded instrument, a secret lien, or equity, by reason of the character of the deed under which he claims, that deed must purport to convey and quitclaim to the purchaser no more than the right, title, or interest of the grantor." The test by which the character of the deed is to be determined is clearly and forcibly expressed in this statement of the rule. It does not matter that the instrument uses the word "quitclaim," if it conveys to the grantee the land itself, it is not such a deed as will charge him with notice of prior unregistered instruments, secret liens, or equities; and on the other hand, although it may contain a clause of warranty, it will have the effect to so charge him with notice, if it purports to convey *no more than the right and title* of the grantor, to the land. Richardson v. Levi, cited above; Harrison v. Boring, 44 Texas, 255; Taylor v. Harrison, 47 Texas, 461; Carleton v. Lombardi, 81 Texas, 357.

The excluded deed purports to convey to the grantee "no more than the right, title, and interest" of the grantors in the land. The language could not well express more definitely such a purpose. The habendum does not express a different intent, but if possible makes more certain that the purpose was to so convey as to pass all of the right of the grantors, so that they and their heirs could not claim the land in future under that title, which would have been its effect if the clause had not been inserted.

In Smith v. Pollard, 19 Vermont, 272, a deed with a similar clause was construed. It read as follows: "To have and to hold the premises, so that neither the said Alexis (grantor) nor any one claiming under him should thereafter have claim or right to the premises aforesaid." The language is practically the same as in this case. In that case the court held that the clause did not have the effect to make the deed other than a quitclaim. Shapard v. Hunsacker, 1 Texas U. C., 585; Cummings v. Dearborn, 56 Vt., 441.

If from the whole instrument there be doubt as to whether or not the grantor intended to convey the land or his right to it, it becomes a question of fact to be determined from all the attending circumstances. Harrison v. Boring, 44 Texas, 255. But in this deed there is no ambiguity in the language used in the premises, nor anything in the other parts to create a doubt as to the intent in using that language; the instrument must be held to be a quitclaim deed, and the defendant claiming title through it occupies no better position than his grantors. He is charged by the character of the deed under which he holds with notice of the unrecorded instrument under which plaintiffs claim title. Shapard v. Hunsacker, 1 Texas U. C., 585; Smith v. Pollard, 19 Vt., 272; Lumber Co. v. Hancock, 70 Texas, 312.

If the deed from Mrs. Cary and the Bakers had been admitted in evidence, and the testimony as to the common report in the neighborhood concerning the claim of plaintiffs to the land had been excluded, the plaintiffs must have recovered the land, and defendant could not have gotten more than the value of his improvements, not to exceed the "amount to which the value of the premises were increased thereby." Rev. Stats., art. 4814. Hence the judgment must have been the same in any event.

The proposition, that the testimony as to common report in the neighborhood of the land may have affected the amount awarded for improvements, is too speculative to be acted upon. If the jury regarded the charge of the court and were governed by the evidence, they gave him all that he was entitled to; and indeed, from the record, there is nothing to show to the contrary.

The errors assigned upon the excluding of the deed and admitting the testimony complained of become immaterial, and it is unnecessary for this court to pass upon them. The judgment will not be reversed for technical error which has not caused injury to the complaining party, and the judgments of the District Court and Court of Civil Appeals are affirmed.

*Affirmed.*

Delivered February 11, 1895.

*Williams & Evans, W. A. Patrick,* and *B. H. Rice,* for plaintiff in error, filed an argument for rehearing. The motion was overruled.