### H. P. COOK ET AL. v. J. M. SMITH.

#### No. 2409. Decided March 31, 1915.

**1.—Quit Claim Deed—Distinguished from Conveyance of Land.**

The test determining whether an instrument constitutes a deed to land or a mere quit claim, is, whether it assumes to convey the property described and upon its face has that effect, or merely professes to convey the grantor's title to the property. The deed should be considered in its entirety in arriving at this intention; and the use of the term "quit claim" is not conclusive of its character. (P. 122.)

**2.—Same—Case Stated.**

A deed "bargained, sold, released and forever quit claimed * * * all my right, title and interest in and to" certain real property in the town of P., specifically described. Thus far, the language constituted no more than a quit claim. But the addition, following the description, of the words, "and all other real estate that I now own and am possessed of in the town of P. * * * and it is my intention here now to convey to the said N. all the real estate that I own in the said town of P., whether it is set out above or not," disclosed a purpose to convey the property described itself, as distinguished from the mere title of the grantor. The purchaser under such deed acquired title to the land described as against a prior deed from the grantor to another, which was unrecorded at the time, and of which he had no notice. (Pp. 121-124.)

**3.—Record of Title—Innocent Purchaser.**

Potts, the owner of land, conveyed it first to Smith, and thereafter to Neff, who conveyed to Cook after the deed to Smith was recorded. Held that Cook acquired title as against Smith in case his grantor Neff had title as an innocent purchaser against Smith,—Neff's deed from Potts being a conveyance of the land, not merely of Potts' interest, and the deed to Smith being then unrecorded. (P. 123.)

**4.—Cases Discussed.**

The ruling in Garrett v. Christopher, 74 Texas, 453, that the use of the word "premises," in the habendum clause of a deed otherwise a mere quit claim, will enlarge its effect into that of a deed, is qualified by the later decisions of Threadgill v. Bickerstaff, 87 Texas, 520, and Hunter v. Eastham, 95 Texas, 648, and is not here followed. (Pp. 124, 125.)

Error to the Court of Civil Appeals, Seventh District, in an appeal from Cottle County.

Smith sued Cook for the recovery of land, and the latter vouched in his warrantor, Neff. Judgment for defendant was reversed and rendered in favor of Smith on his appeal and the appellees obtained writ of error.

*R. D. Browne* and *O. T. Warlick,* for plaintiff in error Cook.—Said deed is more than a quit claim deed in its strictest sense, and either shows an absolute intention to convey real estate, or is ambiguous and its construction was a question of fact which was decided by the lower

court. Rev. Stats., arts. 624, 627, 628 and 633; Harrison v. Boring, 44 Texas, 262; Garrett v. Christopher, 74 Texas, 455; Richardson v. Levi, 67 Texas, 359; Laughlin v. Tips, 8 Texas Civ. App., 649; Allen v. Anderson & Anderson, 96 S. W., 55; Thorn v. Newsom, 64 Texas, 165.

The Court of Civil Appeals erred in holding that the plaintiff in error who holds his title under a warranty deed from A. A. Neff could not be an innocent purchaser for value without notice, and would be affected by a quit claim deed back in his chain of title. Graham v. Hawkins, 38 Texas, 635; Stanley v. Schwalby, 162 U. S., 255, construing Graham v. Hawkins, supra; United States v. California & O. Land Co., 148 U. S., 31; Coombs v. Aborn, 68 Atl., 817; Sherwood v. Moelle, 1 L. R. A., 797; Chapman v. Sims, 53 Miss., 154.

A purchaser from a bona fide purchaser, though himself having notice takes the title of his grantor, and is entitled to claim the same protection the bona fide purchaser would have been entitled to if he had not sold. Holmes v. Buckner, 67 Texas, 112; Allen v. Anderson & Anderson, 98 S. W., 54; Laffare v. Knight, 101 S. W., 1034; Thomason v. Berwick, 52 Texas Civ. App., 153; English v. Lindley, 194 Ill., 181, 62 N. W., 522; Ford v. Alexson, 74 Neb., 92, 103 N. W., 1039.

*Whatley & Hawkins* and *E. B. Perkins,* for plaintiff in error Neff.— An instrument in writing purporting to convey an interest in land is a conveyance of the land itself when it is manifest on the face of such instrument that such was the intention of the parties. Rev. Stats., arts. 624, 627, 628, 633; Richardson v. Levi, 67 Texas, 362; Garrett v. Christopher, 74 Texas, 454.

*Fores & Diggs* and *Crosby & Hamilton,* for defendant in error.— The actual title to the property having been conveyed to appellant by Potts, and defendant, Cook, having received a deed to said property from Neff, and the said Neff having only received a quit claim deed from said Potts to said property after the conveyance of the absolute title to same to plaintiff by said Potts, and said quit claim deed being of record at the time defendant Cook received his deed from Neff, he took absolutely nothing by his said deed, and was charged with notice of the superior outstanding title in plaintiff and plaintiff should have recovered said property. Threadgill v. Bickerstaff, 87 Texas, 523; Finch v. Trent, 3 Texas Civ. App., 568; Woody v. Strong, 45 Texas Civ. App., 256; Hudman v. Henderson, 124 S. W., 186; Hunter v. Eastham, 95 Texas, 653; McMurrey v. Lumber Co., 120 S. W., 246; Richardson v. Levi, 67 Texas, 361; Shepard v. Hunsacker, 1 Posey U. C., 583-585; Lumber Co. v. Hancock, 70 Texas, 312; Harrison v. Boring, 44 Texas, 255.

Mr. Justice PHILLIPS delivered the opinion of the court.

The suit was instituted by the defendant in error, J. M. Smith, against H. P. Cook, one of the plaintiffs in error, in trespass to try title, for the recovery of a lot in the town of Paducah. Cook answered with

a plea of not guilty; that he was a bona fide purchaser of the lot, for value, without notice of any adverse claim; and improvements in good faith, vouching in A. A. Neff, the other plaintiff in error, his grantor, upon his warranty, and seeking recovery over against Neff on account of his improvements. Neff answered by a plea of not guilty, and that he was an innocent purchaser of the property from R. Potts, the common source of title. The trial of the case before the court resulted in a judgment denying any recovery to Smith, quieting Cook's title to the property, and denying the latter any relief on his cross action against Neff. This judgment was reversed by the honorable Court of Civil Appeals, upon the ground that the deed from Potts to Neff was merely a quit claim deed, and, therefore, incapable of sustaining the defense of an innocent purchase of the property; and judgment rendered in Smith's favor for the lot and the recovery of a certain amount as rents, the cause being remanded for trial as between Cook and Neff upon the issues arising on the former's cross bill.

R. Potts duly conveyed the lot to Smith by warranty deed, dated September 21, 1906, but not recorded until September 29, 1909. The deed from Potts to Neff was of date August 31, 1909, and recorded the same day. Cook holds under that deed by subsequent conveyance from Neff, by deed of date September 3, 1909, recorded the same day.

The case turns upon the legal effect of the deed from Potts to Neff, since if that was merely a quit claim deed, Cook's plea of innocent purchaser failed, and Smith was accordingly entitled to recover the property. Omitting the description, the deed from Potts to Neff was in the following terms:

"State of Texas,
County of Cottle.

"Know all men by these presents: That I, R. Potts, a single man, of the County of Cottle and State of Texas, for and in consideration of the sum of $2500 to me cash in hand paid, by A. A. Neff, of San Barnardine County, State of California, the receipt whereof is hereby duly acknowledged and confessed, have bargained, sold, released and forever quit claimed, and by these presents do hereby bargain, sell, release and forever quit claim, unto the said A. A. Neff of San Barnadine County, State of California, and his heirs and assigns, all my right, title and interest in and to that certain tracts or parcels of land lying and being situated in the County of Cottle, and State of Texas, and known and described as follows, towit: (Here follows description by block and number of a large number of lots, including the lot in controversy; also several small tracts by metes and bounds) and all other real estate that I now own and am possessed of in the town of Paducah, in Cottle County, Texas. All of the above town property is situated in the town of Paducah, in Cottle County, Texas, as shown by the original recorded plat of said town, of record in volume 5, page 81, in the deed records of Cottle County, Texas; and it is my intention here now to convey

to the said A. A. Neff all the real estate that I own in said town of Paducah, in Cottle County, Texas, whether it is set out above or not.

"To have and to hold the said premises, together with all and singular the rights, privileges and appurtenances thereto in any manner belonging to the said A. A. Neff and his heirs and assigns forever, so that neither I, the said R. Potts, nor my heirs nor any person or persons claiming under me, shall at any time hereafter have, claim or demand any right or title to the aforesaid premises or appurtenances or any part thereof.

"Witness my hand at Paducah, Texas, on this the 31st day of August, A. D. 1909.

(Signed)    "R. Potts."

The character of an instrument, as constituting a deed to land or merely a quit claim deed, is to be determined according to whether it assumes to convey the property described and upon its face has that effect, or merely professes to convey the grantor's title to the property. If, according to the face of the instrument, its operation is to convey the property itself, it is a deed. If, on the other hand, it purports to convey no more than the title of the grantor, it is only a quit claim deed. Richardson v. Levi, 67 Texas, 364, 3 S. W., 444; Threadgill v. Bickerstaff, 87 Texas, 520, 29 S. W., 757. The intention of the instrument is to be confined, of course, to that which its terms reveal; but it should be considered in its entirety, and if, taken as a whole, it discloses a purpose to convey the property itself, as distinguished from the mere title of the grantor, such as it may be, it should be given the effect of a deed, although some of its characteristics may be those of a quit claim deed. The use of the term "quit claim" is not, of itself, a conclusive test of its character. It may make use of that term and yet have the effect of a conveyance of the property. Garrett v. Christopher, 74 Texas, 453, 15 Am. St., 850, 12 S. W., 67; Richardson v. Levi, supra.

The granting clause of the deed from Potts to Neff, "have bargained, sold, released and forever quit claimed, and by these presents do hereby bargain, sell, release and forever quit claim, unto the said A. A. Neff . . . all my right, title and interest in and to that certain tracts or parcels of land," and the habendum clause, as well, "to have and to hold the said premises, together with all and singular the rights, privileges and appurtenances thereto in any manner belonging to the said A. A. Neff and his heirs and assigns forever, so that neither I, the said R. Potts, nor my heirs nor any person or persons claiming under me, shall at any time hereafter have, claim or demand any right or title to the aforesaid premises or appurtenances or any part thereof," are essentially in the terms of a quit claim deed. If the character of the instrument were dependent alone upon the construction of these parts of it, there could be no doubt, under the authority of Threadgill v. Bickerstaff, supra, and Hunter v. Eastham, 95 Texas, 648, 69 S. W., 66, of its being simply a quit claim deed, since these clauses are in substantially the same terms as the granting and habendum clauses of the

respective instruments reviewed in those decisions and there held to be quit claim deeds.

Furthermore, if the deed from Potts to Neff was only a quit claim deed, Cook's title, deraigned through that deed and resting upon it, was not such, under the rule of decision in this State, as would sustain the defense of an innocent purchase of the property, though the deed from Neff to himself was a general warranty; for in such case the record, or apparent title to the property was clearly only such as Potts possessed, which, because of his previous conveyance to Smith, was no title at all. Taylor v. Harrison, 47 Texas, 460, 26 Am., 304; Garrett v. Christopher, and Threadgill v. Bickerstaff, supra.

But the presence in the deed from Potts to Neff of the clause, "and it is my intention here now to convey to the said A. A. Neff all the real estate that I own in said town of Paducah, whether it is set out above or not," can not be overlooked. It discloses very plainly, we think, that the grantor's intention in the execution of the instrument was to convey all of the property situated in the town previously described, and any other property there owned by him which was not described.

It is very earnestly insisted by the defendant in error that this clause is not to be construed as a declaration of the grantor's intention to convey any of the property described *which he did not own,* but it should be held to have reference only to such real estate in the town of Paducah as he *actually owned,* notwithstanding his inclusion in the instrument of specific property by express description. According to this contention, the clause should be construed as though it read, "and it is my intention here now to convey to the said A. A. Neff *only* such real estate as I own in said town of Paducah, although I have included herein certain specific real estate there situated." But the clause is not so written, and such is not in our opinion its natural sense. To give it that meaning requires a complete change in the form of its expression. Such a construction would give it all the force of a clause of limitation or restriction, when plainly that was not its intended operation. Its manifest purpose was to enlarge both the granting clause of the instrument and the preceding terms of description. This is shown by the use of its ampler phrase. The instrument had previously dealt with only the grantor's *title* to particular property. But to make plain that it had a larger purpose than merely to release the grantor's title to the particular property in the town which had been described, it is distinctly announced in this clause that the grantor's intention in the execution of the instrument was to *convey all the real estate* that he owned in the town, whether specifically described or not. This could mean nothing less than an intention to convey all the town property described; for the expression in the clause, "whether set out above or not," carries the evident implication that the grantor *owned,* or treated as *owned,* the particular town property *"set out,"* and it was, therefore, intended to be conveyed.

As has been indicated, the test of the character of the instrument

is not whether it was in fact effectual to convey any property, but whether it purported to convey this property. If its terms upon their face had the legal effect to convey the lot, that determines its character as a deed to the lot, and ends the present inquiry. If upon its face it amounted to a deed to the lot, its actual operation was dependent upon its right to prevail against the rival conveyance,—another question, governed by other rules of law and the facts of the case upon that issue.

There is an obvious distinction between the meaning of the clause in this instrument declaring, "and it is my intention to here now convey to the said A. A. Neff all the real estate that I own in the said town of ·Paducah, in Cottle County, Texas, whether it is set out above or not," and one following a description of particular property in a town which says that the intention of the grantor "is to here now convey *only* such property in said town as he owns, notwithstanding the description of particular property." The difference is that while both clauses would express an intention to convey only such property as the grantor owned, the first, as before stated, carries the further equally plain profession that he owned the property in the town which he had described, and, therefore, intended to convey it. This clause in the instrument clearly assumed to convey this lot; and the instrument should accordingly be construed as a deed to the lot. If there were any doubt as to the purport of the deed being that this lot was *"owned"* by the grantor, it is relieved by the clause immediately following the description, "and all *other* real estate that I own and am possessed of in the town of Paducah," which amounts to an affirmation that he owned the town property before described.

If the result of the use of this clause was to render the instrument ambiguous,—and it was not capable of producing a more favorable effect for the defendant in error,—permitting the introduction of proof of the attendant circumstances for the purpose of determining the true meaning of the instrument (Harrison v. Boring, 44 Texas, 255; Threadgill v. Bickerstaff, supra), the record contains sufficient evidence to support the conclusion that a conveyance of the town property described was in fact intended in the execution of the deed. It was accordingly capable of sustaining the defense of an innocent purchaser, interposed by both Neff and Cook, as held by the trial court.

Cook was clearly a bona fide purchaser for value. Whether he had notice of Smith's claim before he paid the consideration for the lot, was a question of fact, which, in the state of the record, is concluded by the judgment of the trial court.

It is proper that we should call attention to the manifest conflict between the holding in Garrett v. Christopher, that notwithstanding the other features of the instrument may be those peculiar to a quit claim deed, the use of the term "premises" in the habendum clause will enlarge the effect of the instrument into that of a deed, and the later decisions of the court in Threadgill v. Bickerstaff and Dunham v. Eastham; since in neither of those cases is it recognized that the mere

use of that term in such connection has, of itself, any such force. Garrett v. Christopher is not referred to in either opinion, but it can not be otherwise regarded than as distinctly qualified by the ruling announced in each of these later cases.

The judgment of the Court of Civil Appeals is reversed and that of the District Court is affirmed.

*Reversed and judgment of District Court affirmed.*