### HALE v. HALE et al.
### No. 8220.

Court of Civil Appeals of Texas. Austin.

April 1, 1936.

Rehearing Denied April 22, 1936.

Baker & Baker, of Coleman, for appellant.

Dibrell & Snodgrass and J. B. Dibrell, Jr., all of Coleman, for appellee Charles Hansford Hale.

Critz & Woodward, of Coleman, for appellee Clint Brown.

BLAIR, Justice.

This is an interpleader suit filed by Clint Brown as independent executor of the estate of Mrs. Mary E. Hale, deceased, praying that the court direct him as to how he should distribute said estate among the devisees and legatees and particularly as between appellee Charles Hansford Hale and appellant Mrs. Ethel M. Hale, the widow of Stephen Perry Hale, deceased, the rival claimants of the $21/140$ undivided interest which the said Mrs. Mary E. Hale, deceased, specifically devised and bequeathed to appellee. Appellant claimed this $21/140$ undivided interest under a deed executed by appellee to her deceased husband, dated December 24, 1894, which was recorded in the Deed Records of Brown county, December 29, 1894; and under a deed which her husband executed to her prior to his death, conveying his interest in the same land. Appellee claimed the $21/140$ undivided interest under the will of his mother and denied that the deed first above referred to

in any way affected his title to such interest in the estate of his mother. The trial court sustained appellee's view; hence this appeal.

It is agreed that the decision in the case turns upon the proper construction of the deed from appellee Charles Hansford Hale to his brother Stephen Perry Hale, deceased, which, omitting formal parts, reads, as follows:

"I, Charles Hansford Hale of the County of Brown, in the State of Texas, for and in consideration of the sum of One Hundred and Ten Dollars to me in hand paid by S. P. Hale the receipt of which is hereby acknowledged and for the further consideration of his certain promissory note of even date herewith for the sum of One Hundred and Forty Dollars payable to my order in Brownwood November 1st, 1895, bearing 10% interest per annum and 10% on both principal and interest if placed in the hands of an attorney for collection after maturity to secure the payment of which a vendor's lien is retained on the property hereinafter described, have granted, sold and conveyed and by these presents do grant, sell and convey unto the said S. P. Hale of the County of Brown and State of Texas all my interest in and to all property real, personal or mixed to which I was entitled at the death of my father Charles Hale as heir and one of his seven children who survived him or to which I may be entitled in his said estate as such child or heir at law —Among which especially my interest in all the following described real estate, 160 acres situated in Brown County, Texas, known as subdivision No. 40. In Original surveys Nos. 275 & 276 Kerr County School lands 37½ acres situated in Robertson County, Texas, known—Malhaco tract of lands. 640 acres of land in Brown County, Texas, patented to Cyrus Cummings by patent No. 581, Vol. 7 Gen'l. Land Office, Block No. 31 in Clevelands Addition to Brownwood Brown County, Texas, and 3½ acres of land situated in the town of Llano in Llano County, Texas, being part of Ragsdale league.

"To have and to hold, the above described premises, together with all and singular the rights and appurtenances thereto in anywise belonging unto the said S. P. Hale, his heirs and assigns, forever.

"And I do hereby bind myself, my heirs, executors and administrators to warrant and forever defend all and singular the said premises unto the said S. P. Hale his heirs and assigns, against every person whomsoever lawfully claiming or to claim the same or any part thereof, by through or under me."

The vendor's lien note described in the deed was found with the private papers of Stephen Perry Hale, deceased, where it had been for some 35 years, and across its face were written the words, "Paid in full." The deed in question was executed under the following circumstances:

Appellee Charles Hansford Hale and Stephen Perry Hale were brothers and two of the seven children of Charles Hale and testatrix Mary E. Hale. Charles Hale, the father, died October 11, 1892, and his will, dated March 3, 1892, was duly probated January 17, 1893, in Brown county. His will appointed his wife, Mary E. Hale, independent executrix of his estate, and bequeathed and devised to her all of his property, both real and personal, "provided she does not marry again," in which event his property was to immediately pass to his children, share and share alike. Mrs. Mary E. Hale did not marry again.

The land described in the deed in question as 640 acres patented to Cummings was shown in the inventory of the estate of Charles Hale, deceased. The 160 acres described in said deed as the Kerr county school land was not shown in said inventory. However, the 160 acres was purchased in September, 1891, under circumstances which apparently show it to have been the community property of the said Charles and Mary E. Hale. The inventory listed the 37½-acre tract as the separate property of Charles Hale, deceased. The deed in question was executed about one year after the death of Charles Hale, the father.

The trial court correctly construed the said instrument executed by Charles Hansford Hale to Stephen Perry Hale as a quitclaim deed, because on its face it only purported to convey the interest or title of the grantor in the land, and was intended to pass only such title as he might own in the property as an heir of his father. The property described was that of Mrs. Mary E. Hale, and the conveyance did not pass any title to it, because the conveyance clearly shows that it was intended to pass only such title or interest as the grantor might own as an heir of his father.

The rules of construction of an instrument to determine whether it is a deed or merely a quitclaim are well stated in 14 Tex.Jur., 763–765, § 13, as follows: "The character of an instrument as constituting a deed or merely a quitclaim is to be determined according to whether it assumes to convey the property described, and upon its face has that effect, or merely professes to assign the grantor's title. If, according to the face of the instrument, its operation is to convey the property, it is a deed. On the other hand, if it purports to transfer no more than the title, of the grantor, it is only a quitclaim. The writing itself is, of course, the best aid the court can have for determining its character and purport. The intention of the instrument is to be confined to that which its terms reveal, but it should be considered in its entirety. If, taken as a whole, the instrument discloses a purpose to convey the property itself, as distinguished from the mere title of the grantor, such as it may be, it will be given the effect of a deed although some of its characteristics may be those of a quitclaim. On the other hand, the instrument will be held to be a quitclaim if a consideration of the entire writing evidences an intention on the part of the grantor merely to assign his chance of title."

The cases are numerous supporting the text, among which are: Cook v. Smith, 107 Tex. 119, 174 S.W. 1094, 3 A.L.R. 940; Richardson v. Levi, 67 Tex. 359, 366, 3 S.W. 444; Houston Oil Co. v. Niles (Tex. Com.App.) 255 S.W. 604, 609; Veatch v. Gilmer (Tex.Civ.App.) 111 S.W. 746; Winningham v. Dyo (Tex.Com.App.) 48 S.W.(2d) 600.

The deed in question is so manifestly restrictive to the possible inheritance of the grantor in his father's estate as to render it clearly and obviously a quitclaim, that no reference need be made to any extraneous evidence. It did not purport to convey either a present or future interest in the estate of Charles Hale, deceased. It merely conveyed "all the interest I now have" as an heir in my father's estate, "to which I was entitled at the death of my father, Charles Hale, as heir and one of his seven children who survived him or to which I may be entitled in his estate as such child or heir at law."

If, however, any doubt could arise from the language of the instrument as to whether it was intended only as a quitclaim, that doubt is removed when the instrument is viewed in the light of the fact that the consideration for the conveyance was less than one-half the sum appellee would have been entitled to as an heir of his father according to the inventory of his estate, and the further fact that only in the contingency of the remarriage of his mother would any title or interest ever vest in grantor as an heir or devisee of his father. See Harrison v. Boring, 44 Tex. 255, which holds, as follows: "Not only the terms of the deed but the adequacy of the price given, and other circumstances attending the transaction, may serve to show, when brought in evidence, whether the purchaser bought the land or bought merely the title."

Our above conclusion renders a decision of any other question unnecessary, and the judgment of the trial court will be affirmed.