## WISDOM v. STONE et al.
### No. 4312.

Court of Civil Appeals of Texas.

Oct. 25, 1945.

Rehearing Denied Nov. 21, 1945.

Baskett & Parks, of Dallas, for appellant.

Fountain, Cox, Gaines & Wilcox, of Houston, and A. J. Thompson, of Nacogdoches (J. M. Slator, 3rd, of Houston, of counsel), for appellees.

MURRAY, Justice.

The appellant, G. C. Wisdom, sold to J. E. Stone and Clyde Stone, doing business as the J. E. Stone Lumber Company, by a timber contract the merchantable pine timber on approximately 800 acres of land in the Joseph Lane Survey in Jasper County, Texas, the property being described by metes and bounds in the timber contract. J. E. Stone Lumber Company cut and removed from such land timber of the value of $1,088 and thereafter the J. E. Stone Lumber Company was informed that the appellee Kirby Lumber Corporation was claiming title to said land and to the $1,088 for the timber removed. J. E. Stone Lumber Company filed an interpleader suit against Wisdom and Kirby Lumber Corporation in the district court of Nacogdoches County, Texas, and tendered the money into court, asking that the court judicially ascertain the proper recipient of such money. Wisdom answered said suit, claiming title to both the land and the money. Kirby Lumber Corporation filed its plea of privilege, which was sustained by the court and the cause was transferred to the district court of Jasper County, Texas, for trial. Kirby Lumber Corporation answered the interpleader's suit and filed its cross-bill in the nature of a trespass to try title to 1,584 acres of land in the Joseph Lane Survey and sued for the $1,088 in money tendered into court, and also for damages. The case was tried before the court without a jury and judgment was rendered in favor of the appellee Kirby Lumber Corporation against the appellant Wisdom and J. E. Stone and Clyde Stone, individually and as a partnership under the name of J. E. Stone Lumber Company, for $1,088 and for appellee Kirby Lumber Corporation for title and possession to 1,584 acres of land out of the Joseph Lane Survey, which was described by metes and bounds in the judgment. G. C. Wisdom has perfected his appeal from such judgment, which is now properly before us.

The record shows that, by stipulation of the parties, John T. Beatty is the common source of title of Wisdom and Kirby Lumber Corporation. It is also stipulated that the value of the lumber taken from the land by J. E. Stone Lumber Company was $1,088. The appellee Kirby Lumber Corporation introduced in evidence instruments showing a record title to the land in controversy by deed from Beatty dated

June 17, 1903, filed for record June 27, 1903, conveying the 1,584 acre tract of land described in appellee's cross-action by metes and bounds to John L. Keith and George W. Carroll. The chain of title from Carroll and Keith into Kirby Lumber Corporation is as follows: deed from John L. Keith to George W. Carroll, dated February 26, 1907; deed from George W. Carroll to W. W. Wilson, dated August 7, 1906; deed from Wilson to George M. Smalley, dated March 26, 1907; deed from Smalley to John Kirby, dated June 22, 1909. Record title from John Henry Kirby into Kirby Lumber Corporation is also shown and appellant makes no objection thereto. The appellant also claims to hold title from the common source, John T. Beatty. His claim to title originates with a deed from Beatty to R. W. King, dated November 25, 1914, which was executed eleven years after the deed from Beatty to Carroll and Keith, which was filed for record in 1903. The appellant attacks the deed in appellee's chain of title from George M. Smalley to John L. Keith, dated June 22, 1909, and filed in the Jefferson County deed records July 20, 1909. Such deed contained the following description:

"Jasper County

| Abstract Number | Original Survey | Acreage |
|---|---|---|
| 346 | Joseph Lane | 1584 |
| 39 | Ruffin Turner | 453 |
| | | 2037 |

"and all of the acreage owned by me in each and every one of the hereinabove and before mentioned several surveys of land, even though said acreage be greater than above stated as being in said several surveys all of which said lands were conveyed by and are described in the following deeds: Deed from W. W. Wilson to George M. Smalley, dated April 30th, 1907, and recorded in Book 3, page 25, of the Deed Records of Newton County.

"Deed from American National Bank of Beaumont, Texas, dated April 18, 1906, and recorded in Book 40, page 19 of the Deed Records of Hardin County, Texas; and Deed from George W. Carroll to John H. Kirby, dated August 2nd, 1907, and recorded in Book 3, page 375, of the Deed Records of Newton County, Texas.

"To all of the above mentioned deeds and the records thereof reference is hereby made for full and detailed descriptions of the several tracts of land hereby above described."

Kirby Lumber Corporation also pleaded the statutes of limitation of 3, 5, 10 and 25 years.

Appellant by his first point attacks the deed from Smalley to Kirby and says that it is void because the description of the property sought to be conveyed is wholly insufficient. His attack is directed at the latter portion of the description which reads as follows: "All of which said lands were conveyed by and are described in the following deeds; deed from W. W. Wilson to George M. Smalley, dated April 30, 1907 * * * deed from American National Bank of Beaumont, Texas, dated April 18, 1906 * * * and deed from George W. Carroll to John H. Kirby, dated August 2, 1907. To all of the above mentioned deeds and the records thereof reference is hereby made for full and detailed description of the several tracts of land hereby above described." The appellant insists that no other record than the three deeds referred to may be looked to for a description of the lands of the Joseph·Lane Survey; that the grantor in that deed specially limited that reference to said three deeds and records and that the grantor and grantee as well as their grantees are bound by such limitation. The appellant introduced in evidence the three deeds mentioned in the Smalley to Kirby deed and referred to therein. Such deeds introduced by appellant did not describe any land in Jasper County. Appellant says that this description called for an undefined acreage out of a larger tract, that it depended upon the descriptions to be found in the three deeds referred to and that since no description of land in Jasper County is found in such three deeds then the Smalley to Kirby deed was void and conveyed no title. He relies upon authorities cited in 14 Tex.Jur. 987; Miller v. Hodges, Tex. Com.App., 260 S.W. 168; Fortenberry v. Cruse, Tex.Civ.App., 199 S.W. 523. We do not believe the rule of law invoked by the appellant is applicable to the facts in the present case. The early portion of the descriptive words in the Smalley to Kirby deed conveyed to John H. Kirby all of the acreage and interest owned by George M. Smalley in the Joseph Lane Survey in Jasper County. It being shown by the record that Smalley owned the land in suit on the date of the execution·of such deed,

the conveyance from Smalley to Kirby was complete and it was not necessary to refer to the deeds introduced in evidence by the appellant in order to gain a full description of the land conveyed in the Joseph Lane Survey. Cook v. Smith, 107 Tex. 119, 174 S.W. 1094, 3 A.L.R. 940; State Mortgage Corp. v. Groos et al., Tex.Civ.App., 12 S.W.2d 260; Taffinder v. Merrill, 95 Tex. 95, 65 S.W. 177; Hatcher et al. v. Stipe et al., Tex.Civ.App., 45 S.W. 329; Haley y. Murphy, Tex.Civ.App., 177 S.W.2d 333; Hunt et al. v. Evans, Tex.Civ.App., 233 S.W. 854. The trial court did not err in admitting in evidence the Smalley to Kirby deed and we overrule appellant's first point.

■ By his second point, the appellant complains of the action of the court in admitting in evidence over the appellant's objection a letter and contract between John H. Kirby and George M. Smalley. Kirby Lumber Corporation introduced in evidence an ancient instrument, which is unrecorded, a contract between John H. Kirby and George M. Smalley, dated March 7, 1906, together with a letter dated May 14, 1907, from George M. Smalley to John H. Kirby. The latter was merely a note stating that copy of certain land agreements signed by Smalley was being enclosed with the letter to Mr. Kirby. The contract in brief states that Kirby and Smalley entered into the agreement stating their interests in various lands which included "1584 acres of the Joseph Lane League in Jasper County, Texas." The agreement reads that the lands are owned jointly by Kirby and Smalley and that such parties were partners in the ownership of said lands. Appellant's objection to the introduction of this instrument on the grounds was that it was unrecorded and unacknowledged, that it did not describe the property involved in this suit with sufficient certainty to identify any 1,584 acres in the Joseph Lane Survey, that it was not a muniment of title, that it was hearsay, that it would not be binding upon any record owner of the land, that the property was not described by metes and bounds, that it was a matter of which appellant Wisdom had no notice. The contract was proved to be an ancient instrument and it was introduced in evidence as such. The appellant Wisdom did not make any claim

to title through Smalley but claims his title through a deed from Beatty to R. W. King, junior in point of time to the deed out of Beatty to Carroll and Keith, under whom appellee Kirby Lumber Corporation claims title. The appellee answers the contention of the appellant by saying in effect that the instrument complained of showed Kirby and Smalley to be joint owners of the lands in suit and partners in the ownership of the lands, and that the instrument itself is sufficient to vest in John Henry Kirby title by estoppel as against Smalley to an undivided interest in the land. Kirby Lumber Corporation succeeded to the title of John Henry Kirby and the contract complained of showed Kirby Lumber Corporation's right to recover the land in suit from Wisdom even though the deed from Smalley to Kirby discussed in appellant's first point should be invalid. We believe the trial court was correct in admitting this instrument in evidence and appellant's second point is overruled.

■ By his third point, the appellant complains of the action of the trial court in receiving in evidence over his objection tax receipts showing payment of taxes on 1,584 acres of land in the Joseph Lane Survey in Jasper County by the Kirby Lumber Corporation and its predecessors in title from the year 1910 until the filing of this suit. He says the tax receipts did not describe the property further than to say it was for "1584 acres of the Joseph Lane Survey, Abstract No. 727" and he says such description of the land is insufficient. Article 7257, Revised Civil Statutes, provides for the issuance of a tax receipt by a county tax collector and requires only that the receipt shows the number of acres of land in each separate tract, the number, abstract and name of the original grantee. We believe this point is without merit since the receipts complained of comply with the statutory requirements.

By his fourth point, the appellant attacks the sufficiency of the evidence of the appellee Kirby Lumber Corporation in support of its pleas of limitation of 3, 5, 10 and 25 years, or either of them. A discussion of this point is unnecessary, in view of our holding that record title was shown in appellee Kirby Lumber Corporation.

The judgment is affirmed.