**BATES v. BATES.**

No. 5037.

Court of Civil Appeals of Texas.

El Paso.

June 16, 1954.

Rehearing Denied July 7, 1954.

Lester C. Boone, Odessa, for appellant.

Martelle McDonald, Odessa, for appellee.

McGILL, Justice.

This was a suit by appellant as plaintiff against appellee as defendant, for divorce, in which she sought a judgment decreeing certain property to be her sole and separate property, free from all claims of appellee, and she also sought to recover $400, the proceeds of an insurance policy taken out by her on a house located on such property, such house having been destroyed by fire. Trial was to the court, without a jury. The court found that the property in question, being 68 acres of land of the Howell-Hudson Survey in Eastland County, was community property of plaintiff and the defendant, and adjudged an undivided one-half interest in and to said property to be owned by plaintiff and defendant each. The court further found that the plaintiff, Eunice Bates, had paid $390 of the purchase price of said property out of her separate estate, and awarded her a judgment as against the community property in such amount. The court further decreed that the $400 representing the proceeds of the insurance policy was the community property of the parties, and adjudged the plaintiff and defendant to be entitled to a one-half interest therein each.

■ The points presented by appellant are that the trial court erred in holding the 68 acres of land in Eastland County to be community property of the parties, and in holding the $400 insurance proceeds to be community property. The case was tried before the Honorable R. W. Hamilton, but he resigned before he had filed any findings of fact and conclusions of law, and such findings were filed by his successor, the Honorable William B. Deaderick. Appellee contends that these findings should not be considered because they were filed by a judge who did not try the case. He cites no authority in support of his contention, and we have found none. We think the findings should be considered. The judge

who made them unquestionably had access to the stenographic record of the proceedings from which he could properly make his findings of fact. We shall therefore consider such findings. The third finding of fact is that the 68 acres in controversy was purchased out of community funds and is community property, and (4) that title to such property was taken in the name of plaintiff, Eunice Bates, who held the same for the use and benefit of the community existing between her and James D. Bates, and (5) that the community funds and separate funds of the parties were so commingled that all of the property was community property with the exception of $300 which was paid by the plaintiff's son, and the court concluded that the land in controversy was the community property, to be held jointly by the parties.

■ The deed to the 68 acres was executed by a number of grantors for a recited consideration of $1,360, of which $760 was paid in cash by Eunice Bates and $600 was evidenced by a vendor's lien note payable to Commercial State Bank, Ranger, Texas, and signed by Eunice Bates and her husband, James D. Bates. The granting clause conveys the property unto the said Eunice Bates as her separate and individual property, and the habendum clause recites that the property is to be held unto the said Eunice Bates, her heirs and assigns forever.

It is appellant's contention that these recitals in the deed cannot be varied or contradicted by parol evidence. The uncontroverted testimony shows that the deed was executed by the grantors therein with the knowledge and consent and at the request of defendant James D. Bates. Under these circumstances we think that appellant's contention must be sustained. While this is not a deed from husband to wife, yet it appears from the husband's testimony that he instructed the attorney to draw the deed so that the wife should have the property free from any claim by his heirs. The legal effect of his testimony we think is conclusive that appellee instructed the attorney to draw the deed exactly as he did draw it —in other words, that to carry out his intention the deed could have been drawn in no other way. Now he seeks by parol evidence to show that he intended the deed to have a different effect. This he cannot do. The leading case on the subject is Kahn v. Kahn, 94 Tex. 114, 58 S.W. 825. That case is cited in Loeb v. Wilhite, Tex.Civ.App., 224 S.W.2d 343, w. r. n. r. e. which in turn was cited in Lindsay v. Clayman, Tex.Sup., 254 S.W.2d 777, and in Kidd v. Young, 144 Tex. 322, 190 S.W.2d 65, 66, and so far as we know its authority has never been questioned. As said in Kidd v. Young:

> "A cash consideration, although nominal, plus the assumption of an outstanding indebtedness, constitutes a contractual consideration".

This being so, certainly a cash consideration and the execution of promissory notes as part of the purchase price is a contractual consideration and cannot be varied or contradicted by parol testimony. Therefore, the evidence to effect that the actual consideration for the property in question was paid out of community funds was inadmissible, and the court erred in its conclusion that such testimony was sufficient to overcome the separate character of the property as evidenced by the recitals in the deed. In any event, even considering all of the tendered evidence it is clear to us that the deed does represent the intention of the parties, and if the legal effect is not what Mr. Bates thought it would be such can have no weight. It must also be noted that accident, mistake or fraud were not specifically pled in this case.

■ If the 68 acres were the separate property of the wife it seems clear that the proceeds of the fire insurance policy which was due because of a house located on this property having been destroyed by fire, this policy having been taken out and paid for by the wife, was the separate property of the wife.

It is therefore ordered that the judgment of the trial court insofar as it relates to the property involved, be reversed and judg-

ment be and is here rendered that the 68 acres of land in controversy is the separate property of appellant Eunice Bates, and that the $400 being the proceeds of the insurance policy in controversy, be and the same is adjudged to be the separate property of the said Eunice Bates.

Reversed and rendered.

HAMILTON, C. J., did not participate.