Maggie Ball RENFROW et vir., Appellants,

v.

Evelyn LINEBERRY, Individually and as Independent Executrix of the Estate of W. F. Scarborough, Deceased, et al., Appellees.

No. 5019.

Court of Civil Appeals of Texas.

El Paso.

June 23, 1954.

Rehearing Denied July 14, 1954.

L. P. Snell, Jr., Dallas, for appellants.

Raymond A. Lynch, Turpin, Kerr & Smith, Midland, Golden, Croley, Howell & Johnson, Dallas, for appellees.

McGILL, Justice.

Appellant, Maggie Ball Renfrow, joined pro forma by her husband, brought this suit to recover an undivided one-tenth interest in the mineral rights to Section No. 13 in Block A-40, Public School Survey, Andrews County. The appellee Shell Oil Company, Inc., and numerous other parties were made parties defendant. The action was in the statutory form of trespass to try title and damages for the unlawful withholding of the property in the sum of $250,000, as well as the rental value thereof, was sought. At the close of plaintiff's evidence the court peremptorily instructed the jury to return a verdict for the defendants and upon such verdict so returned the court rendered judgment that the plaintiffs take nothing as to certain defendants, and that they recover an undivided one-tenth interest in said section from the defendants Mrs. Mollie McNutt and J. R. Come, and adjudging all costs against the plaintiffs.

The plaintiffs sought to establish a resulting or constructive trust in the property in favor of Maggie Ball Renfrow, it being their theory that the legal title to such property was vested in J. C. Ball by deed executed November 28, 1920 by Will McNutt as

grantor, J. C. Ball as grantee, the said Will McNutt having acquired his title to the property by a deed dated November 27, 1920 from W. E. Jones to the said Will McNutt. Plaintiffs sought to show by the testimony of J. C. Ball that as part consideration for the deed to the property in question executed by Will McNutt to him, he in turn executed a deed to his farm in Dallas County; that this property was acquired by him during his marriage to Dora Bell Ball, the mother of plaintiff Maggie Ball Renfrow, by reason of which Maggie Ball Renfrow owned an undivided one-tenth interest in such property, and that such interest created a resulting or constructive trust in the property acquired by J. C. Ball from Will McNutt. The court excluded such evidence and refused to admit into evidence the deed to the Dallas County property from J. C. Ball to Will McNutt. Refusal to admit such deed and such evidence of J. C. Ball is the basis of appellants' points of error. It is appellees' contention that the plaintiffs failed to show any title to the property in question to be vested in J. C. Ball, and that therefore the deed and testimony in connection therewith was properly excluded, since neither a resulting or constructive trust could be engrafted upon the title of J. C. Ball to the property in question, since plaintiffs failed to show that J. C. Ball had any such title.

It is stipulated that the common source of title to the property in question was S. Eugenia Smith; that S. Eugenia Smith conveyed such property to W. E. Jones and Will McNutt by deed dated January 22, 1920, which recited the payment of $675 in cash and the reservation of a vendor's lien to secure four promissory notes aggregating the sum of $825, these notes being further secured by deed of trust dated January 22, 1920, executed by W. E. Jones and Will McNutt in favor of Lawrence Treadwell, Trustee. On November 27, 1920, W. E. Jones executed an instrument in the form of a quitclaim deed to Will McNutt, which purports to quitclaim an undivided one-half interest in the land, and on that date Will McNutt executed an instrument in the form of a quitclaim deed which purports to quitclaim his interest in said land to J. C. Ball. Thereafter the deed of trust securing the vendor's lien notes was foreclosed, and on April 6, 1926, Lawrence Treadwell, Trustee, executed a trustee's deed to the property to W. E. Jones. Appellants admit that appellees hold deeds from the assigns of W. E. Jones after he purchased the property upon the deed of trust foreclosure. It is appellants' contention that both the Jones and McNutt deeds are not merely quitclaim deeds, but that such deeds actually convey the property with implied warranties, and that therefore when W. E. Jones acquired the title to the property at the foreclosure sale such title immediately passed from him to Will McNutt, and from Will McNutt to J. C. Ball as after-acquired property. The controversy centers around the question as to whether or not the deeds from Jones to McNutt and from McNutt to Ball are in fact quitclaim deeds or whether they do convey the property in question so as to carry the after-acquired title. The language employed in the deed from Jones to McNutt is

"Do grant, sell, remise, release and forever quitclaim unto the said Will McNutt, heirs and assigns, all my right, title and interest in and to that certain lot, tract or parcel of land described as follows: 'a one-half undivided interest in Section 13, Block A-40, Public School Lands, Abstract 777, situated in Andrews County, Texas,' and it is agreed that the said Will McNutt assumes all the indebtedness due the State of Texas."

The habendum clause is

"To have and to hold the above described premises, together with all and singular the rights and appurtenances thereto in any wise belonging, unto the said Will McNutt and unto his heirs and assigns forever, so that neither the vendor herein nor his heirs nor any person or persons for them or in their name or behalf shall or will hereafter claim or demand any right or title to the aforesaid premises or any part thereof, that they and every one of them by

these presents shall be excluded and forever barred."

The deed from McNutt to Ball recites a consideration of $12,800 paid, the receipt of which is acknowledged, and uses the language:

"Bargained, sold and quitclaimed, and by these presents do bargain, sell, convey and quitclaim unto the said J. C. Ball, party of the second part, his heirs and assigns forever, all his right, title, and interest in and to that certain tract of State School land situated, lying and being in Andrews County, Texas, known and described as (describing Section No. 13 in controversy)."

It further recites:

"It is understood and agreed that the said J. C. Ball assumes the balance due the State against this land."

and the habendum clause is

"To have and to hold the above described premises, together with all and singular the rights and appurtenances thereto in any wise belonging, unto the said J. C. Ball, party of the second part, his heirs and assigns forever."

Appellant contends that by reason of the language employed in the granting clauses of these deeds the covenants specified in Art. 1297, R.C.S. should be implied.

The statute relied on by appellants is applicable only where an estate of inheritance or fee simple is to be passed. It seems obvious to us that the deeds in question do not purport to pass any estate of inheritance, but merely the right, title and interest of the respective grantors in the property in question, and that therefore such statute has no application. See Annotation to Cook v. Smith, 107 Tex. 119, 174 S.W. 1094, reported in 3 A.L.R. 940. Appellants practically concede that if the deeds in question are nothing but quitclaim deeds the doctrine that after-acquired property will pass by virtue of implied warranty has no application. Therefore, since the equity which W. E. Jones had in the property by reason of the deed to him and Will McNutt, executed by S. Eugenia Smith, was wiped out by the foreclosure of the vendor's and deed of trust liens retained to secure the notes executed for purchase of the property by Jones and McNutt, and since the title acquired by Jones at the foreclosure sale did not pass to J. C. Ball, it is apparent that J. C. Ball had no title to the property in question. Therefore, since he acquired no title to the property by virtue of the deed executed by McNutt to him, the appellants could not show either a resulting or constructive trust as to such property in favor of plaintiff Maggie Ball Renfrow by the transfer of the Dallas County property from Ball to McNutt. Therefore, it is our conclusion that the court did not err in excluding the deed to the Dallas County property and the testimony of Ball in connection therewith, first because the consideration stated in the deed from McNutt to Ball is clearly contractual and cannot be contradicted by parol testimony. Kahn v. Kahn, 94 Tex. 114, 58 S.W. 825; Loeb v. Wilhite, Tex.Civ.App., 224 S.W.2d 343, w. r. n. r. e.; Lindsay v. Clayman, 151 Tex. 593, 254 S.W.2d 777; Kidd v. Young, 144 Tex. 322, 190 S.W.2d 65; Bates v. Bates, Tex.Civ.App., 270 S.W. 2d 301; and second because even though such testimony were admissable, since the quitclaim deeds from Jones to McNutt and from McNutt to Ball are purely quitclaim deeds, purporting to convey and conveying only the right, title and interest of the grantors in and to the property in question, and not the property itself, they are insufficient to invoke the doctrine of after-acquired property and therefore the title acquired by Jones to the property in question at the foreclosure sale did not pass to McNutt and from McNutt to J. C. Ball, and therefore J. C. Ball had no title to the property involved in this suit on which either a resulting or a constructive trust could be engrafted.

It is therefore ordered that the judgment of the trial court be affirmed.