**IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

_____

Case No. 01-50245
_____


IRENE COUCH

    Plaintiff - Counter Defendant - Appellant - Cross-Appellee,

THE ALLAR COMPANY

    Intervenor - Plaintiff - Counter Defendant - Appellant - Cross-Appellee

v.


CLAYTON WILLIAMS ENERGY, INC. ET AL

    Defendants

FEDERAL RESERVE BANK, OF DALLAS

    Defendant - Counter Claimant - Appellee - Cross-Appellant

_____

Appeal from the United States District Court
for the Western District of Texas
(W-00-CV-92)
_____

October 23, 2002


Before KING, Chief Judge, and JONES and EMILIO M. GARZA, Circuit

Judges.

PER CURIAM[*]:

_____

    [*]    Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent

1

This case centers on a dispute regarding ownership of the mineral estate of property known as the "Scott Place," in Robertson County, Texas. On January 27, 1925, H.G. Easterwood granted the mineral estate of the Scott Place to Defendant Federal Reserve Bank of Dallas ("FRBD"). On January 28, 1925, Lillie Easterwood granted the surface estate of the Scott Place to the Sanger Brothers. Then, on February 16, 1925, H.G. Easterwood granted all of his right, title and interest in the Scott Place to the Sanger Brothers.[2]

_____

except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[2]     The Sanger Brothers' deed provides, in relevant part:

> [H.G. Easterwood] . . ., for and in consideration of the sum of One Dollar, to us in hand paid by Sanger Bros., . . . and for the further consideration of perfecting title to the hereinafter described property, which is conveyed by deed executed by Lillie I. Easterwood, a feme sole, to said Sanger Bros., do, <u>by these presents[,] Bargain, Sell, Release and Forever Quit-Claim</u> unto the said Sanger Bros., its successors and assigns, <u>all of our right, title and interest in and to that certain tract or parcel of land</u> . . . .

Defendant–Appellee's Record Excerpts at Tab 5 (emphasis added). The Sanger Brothers' deed concludes with the following habendum clause:

> TO HAVE AND TO HOLD the said premises, together with all and singular the rights, privileges and appurtenances thereto in any manner belonging unto the said Sanger Bros., its successors and assigns forever, so that neither the said grantors herein, nor their heirs, nor any person or persons claiming under them or either of them shall at any

2

For the reasons stated in the district court's Memorandum Opinion and Order, <u>Couch v. Clayton Williams Energy, Inc.</u>, No. W-OO-CA-092, slip op. at 10-11 (W.D. Tex. Feb. 28, 2001), the quitclaim deed at issue did not operate to cut off FRBD's mineral interest evidenced by a subsequently recorded deed.[3] A quitclaim deed simply cannot support the claim of a bona fide purchaser except to the extent of the grantor's interest in the property.[4] Here, when H.G. Easterwood granted, by quitclaim deed, the mineral estate to the Sanger Brothers, The Allar Company's predecessor in title, he did not have a mineral estate in the Scott Place to grant

---

> time hereafter have claim or demand any right of title to the aforesaid premises or appurtenances, or any part thereof.

<u>Id.</u>

[3] The district court correctly characterized this deed as a quitclaim deed. <u>See, e.g.</u>, <u>Threadgill v. Bickerstaff</u>, 29 S.W. 757, 759 (Tex. 1895)(interpreting language that is virtually identical to the language in the Sanger Brothers' deed to signal a quitclaim deed); <u>Porter v. Wilson</u>, 389 S.W.2d 650, 654-57 (Tex. 1965); <u>Simonds v. Stanolind Oil & Gas Co.</u>, 114 S.W.2d 226, 234-35 (Tex. 1938); <u>Straus v. Shamblin</u>, 120 S.W.2d 598, 600-01 (Tex. Civ. App.–Amarillo 1938, writ dism'd w.o.j.).

[4] <u>See</u> <u>Taylor v. Harrison</u>, 47 Tex. 454 (1877) (concluding that a purchaser of a quitclaim deed is not a "subsequent purchaser for a valuable consideration without notice," as required by the Texas recording statute, and, thus, a quitclaim deed cannot protect the grantee against unrecorded deeds executed by the grantor); <u>Wallace v. Crow</u>, 1 S.W. 372, 374 (Tex. 1886) (holding that a purchaser who receives a quitclaim deed is presumed to take the property with notice of defects in the title); <u>Threadgill v. Bickerstaff</u>, 29 S.W. 757, 759 (Tex. 1895) (stating that purchaser of a quitclaim deed takes with constructive notice of any unrecorded deed under which another party claims title to the property).

because he had previously granted the mineral estate to FRBD.

We AFFIRM the district court's judgment.